**Lawrence HARRIS, Petitioner-Appellant,**

v.

**W. S. NEIL, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 20469.**

United States Court of Appeals, Sixth Circuit.

Jan. 29, 1971.

William C. Carriger, Chattanooga, Tenn., on brief for petitioner-appellant; Strang, Fletcher, Carriger, Walker & Hodge, Chattanooga, Tenn., of counsel.

Bart Durham, Asst. Atty. Gen., Nashville, Tenn., on brief for respondent-appellee; David M. Pack, Atty. Gen., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This appeal is from a dismissal without an evidentiary hearing of a petition for a writ of habeas corpus.

---

The petitioner, a Negro male, was arrested for rape of a Negro female. At his preliminary hearing in the City Court of Chattanooga, Tennessee, the petitioner claims that he requested counsel be appointed to represent him, but no counsel was appointed. On January 15, 1960, the petitioner was tried by a jury in the Criminal Court of Hamilton County, Tennessee. During the course of the trial the petitioner testified in his own defense and upon cross-examination the attorney for the State introduced impeaching evidence of a previous conviction for sexually molesting a white child. The all white panel found the petitioner guilty of rape, and he was sentenced to 35 years in the penitentiary. No appeal was perfected.

State remedies have been exhausted, including an unsuccessful appeal to the Supreme Court of Tennessee from denial of post conviction relief.

Petitioner argues that when he was denied counsel at his preliminary hearing, his Sixth Amendment rights were abridged. He contends that the preliminary hearing is a critical stage of the prosecution, citing Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, and relies on that decision as requiring reversal of the District Court judgment. It is our decision that Coleman does not require reversal of the present case.

■ There is no constitutional right to a preliminary hearing of the character conducted in Tennessee. Dillard v. Bomar, 342 F.2d 789 (6th Cir.), cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L. Ed.2d 123; State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310. It has been held repeatedly that the preliminary hearing in Tennessee is not a critical stage of the prosecution. Waddy v. Heer, 383 F.2d 789 (6th Cir), cert. denied, 392 U.S. 911, 88 S.Ct. 2069, 20 L. Ed.2d 1369; State ex rel. Phillips v. Henderson, 220 Tenn. 701, 423 S.W.2d 489. In contrast with Alabama procedure, the Tennessee preliminary hearing is not "the pretrial type of arraignment where certain rights may be sacrificed or lost." Coleman v. Alabama, 399 U.S. 1, 7, 90 S.Ct. 1999, 2002. See generally Note, 30 Tenn.L.Rev. 684 (1963). There is no indication in the present case that petitioner sacrificed or lost any rights at his preliminary hearing.

We therefore conclude that Coleman does not make the Sixth Amendment right to counsel apply to a preliminary hearing of the type conducted in Tennessee. Even if our conclusion were otherwise, we are of the opinion that Coleman should not be applied retrospectively. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Turner v. United States, 426 F.2d 480 (6th Cir.).

Following the preliminary hearing, petitioner was indicted by a grand jury and entered a plea of not guilty. There is no contention that he was not represented by legal counsel at his arraignment and at all stages of the trial before the jury.

■ Petitioner also contends that the District Court erred in failing to require an evidentiary hearing on his petition. We have reviewed the record in this case and find there is no sufficient averment of facts in the petition that would require an evidentiary hearing. The facts in this case are not in dispute. Judge Wilson accepted petitioner's statement of the case and concluded that even if all the allegations of the petition were true, there was still no infringement of petitioner's constitutional rights for which the writ should issue. See Smartt v. Bomar, 340 F.2d 593 (6th Cir.); Horton v. Bomar, 335 F.2d 583 (6th Cir.). We agree with the conclusion of Judge Wilson.

Affirmed.