**Darryl Lamont McKELDIN, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

Nov. 12, 1974.

Jerry H. Summers, Chattanooga, for petitioner.

John B. Hagler, Jr., Asst. Atty. Gen., for respondent; R. A. Ashley, Jr., Atty. Gen., of counsel.

## OPINION

HENRY, Justice.

Petitioner was convicted in the Criminal Court of Hamilton County of armed robbery and sentenced to imprisonment in the state penitentiary for twenty (20) years. His conviction was affirmed by the Court of Criminal Appeals and the case is before us pursuant to grant of certiorari.

Essentially this case presents the single question of the right of an indigent defendant to the effective assistance of counsel at a preliminary hearing.

Petitioner was arrested on August 11, 1972, and a preliminary hearing was conducted on August 14, 1972 (prior to indictment), in the City Court at Chattanooga.

Pursuant to a declaration of indigency, the City Judge appointed one, Isiah Ewing, as counsel to represent petitioner.

It subsequently developed that Mr. Ewing was "neither qualified by training nor licensed in the State of Tennessee to practice law". On September 12, 1972, the Chancery Court of Chattanooga so held and "perpetually and permanently" enjoined him from practicing in that court.

After petitioner's indictment, through his individually retained counsel, he moved the Criminal Court to dismiss the indictment. The basis of his motion was that a preliminary hearing is a critical stage of a criminal proceeding; and that he was denied his right, under the Sixth Amendment to the Constitution of the United States to "effective representation of counsel," in that Isiah Ewing was not duly qualified as an attorney. In the alternative he moved the court to remand to the City Court for a preliminary hearing.

This motion was overruled on November 27, 1972.

On January 26, 1973, petitioner filed a Motion to Quash the indictment predicated upon the same grounds as his former motion.

On February 2, 1973, this, and other non-related motions, were dismissed as "not timely filed".

Again on February 6, 1973, petitioner filed the same Motion to Quash. On February 12, 1973, this motion was overruled.

There is nothing in the record to indicate what transpired upon the hearing of any of these motions.

There was no transcript of the preliminary hearing and the record contains no narration of the testimony or proceedings.

Upon the trial, petitioner's counsel called up his motions and requested permission to put petitioner on the stand to show the fact of his indigency at the time of the preliminary hearing and his representation by Mr. Ewing.

The court declined to reconsider the motions on the basis of their former consideration and of a local rule of court.

Petitioner has assigned seven (7) errors in this court. From our examination of the record we are of the opinion that the Court of Appeals correctly disposed of the last five (5) assignments and they will not be further noted in this opinion.

The first two assignments complain of the action of the trial court in the following particulars:

a. In overruling the Motion to Quash

b. In overruling the Motion to Dismiss

c. In failing to remand to City Court

d. In refusing petitioner's tender of proof

■ Under Tennessee criminal procedure an indictment may be attacked by Motion to Quash only where the defect appears upon the face of the indictment. Where it is invalid for any other reason, the extraneous matter must be presented by Plea in Abatement. Caruthers' History of a Lawsuit, (8th ed.), Sec. 732; Walker v. State, 197 Tenn. 452, 273 S.W.2d 707

(1954); State v. Davis, 204 Tenn. 553, 322 S.W.2d 232 (1959).

■ Neither motion meets the strict requirements of a Plea in Abatement and, therefore, may not be treated as such.

The remainder of these two assignments, (items c & d above), when aided by the brief, fairly raise the two questions upon which this controversy must be decided, viz:

1. Is a preliminary hearing a critical stage in a criminal proceeding?

2. Does the defendant have a constitutional right to be represented by counsel at such a hearing?

We answer each question in the affirmative.

In an unbroken line of Tennessee cases —decided before and after Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed. 2d 387 (1970) (see discussion *infra*), it has been held that a preliminary hearing is not constitutionally required in a criminal prosecution in Tennessee. State ex rel. Carroll v. Henderson, 1 Tenn.Crim.App. 427, 443 S.W.2d 689 (1969); Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1 (1969); Harris v. Neil, 437 F.2d 63 (6 Cir. 1971).

Such a hearing is now required by statute in Tennessee. Chapter 245 of the Public Acts of 1971, carried forward into the Code as Sec. 40–1131, T.C.A., reads as follows:

In all criminal cases, prior to presentment and indictment, whether the charge be a misdemeanor or a felony, the accused shall be entitled to a preliminary hearing upon his request therefore (sic), whether the grand jury of the county be in session or not.

This enactment became effective May 17, 1971, which was prior to the date of the preliminary hearing in this case.

■ We agree with the Court of Criminal Appeals in its observation in Shadden v. State, 488 S.W.2d 54 (Tenn.Crim.App. 1972), cert. den., 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1972), that this statute "added no constitutional dimension to our preliminary hearing statutes."

However, such a hearing being mandated under Tennessee statutory law, the defendant's right thereto must be respected.

In 1970, the Supreme Court decided the case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), holding that the preliminary hearing is a critical stage of the prosecution so as to constitutionally require the furnishing of counsel to protect the rights of the defendant.

The thrust of the Court's opinion will be found in the following language:

The determination whether the hearing is a "critical stage" requiring the provision of counsel depends, as noted, upon an analysis "whether potential substantial prejudice to defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice." United States v. Wade, *supra*, [388 U.S. 218] at 227, [87 S.Ct. 1926, at 1932] [18 L.Ed.2d [1149] at 1157]. Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary

hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

In Harris v. Neil, 437 F.2d 63 (6th Cir. 1971), the indigent petitioner, after having been convicted in the Criminal Court of Hamilton County and after having exhausted all available state remedies, filed his petition for the writ of habeas corpus in the United States District Court. Upon denial he appealed to the United States Court of Appeals for the Sixth Circuit asserting that the failure to appoint counsel at the preliminary hearing in the City Court at Chattanooga was a violation of his Sixth Amendment rights. He contended that the preliminary hearing was a critical stage and relied upon *Coleman*.

In this case which arose before the 1971 statute (40–1131 T.C.A.), the Sixth Circuit held (1) there is no constitutional right to a preliminary hearing "of the character conducted in Tennessee", (2) that a preliminary hearing in Tennessee is not a critical stage of the prosecution, and (3) that "*Coleman* does not make the Sixth Amendment right to counsel apply to a preliminary hearing of the type conducted in Tennessee."

The Court reasons that, "In contrast with Alabama procedure, the Tennessee preliminary hearing is not 'the pretrial type of arraignment where certain rights may be sacrificed or lost.' "

The cases cited in support of the proposition that there is no constitutional right to a preliminary hearing, were all decided prior to *Coleman*.

The Court's holding that a preliminary hearing is not a critical stage is based on a case decided two years before *Coleman*.[1]

We have read and studied Art. 3, Tit. 15, of the Code of Alabama, and have searched in vain for any pertinent difference between the Code of Alabama and the statutes of Tennessee, in this particular.

In each state a preliminary hearing is simply a forum for determining (1) whether an offense has been committed, (2) whether there is reasonable ground to believe that the defendant is guilty of its commission and (3) whether and how much bail should be set.[2]

It is significant to note that under the first section (40–1101) of Chapter 11, T.C. A., entitled Preliminary Examination, and under "Comparative Legislation", will be found the following: "Ala.Code 1940, Tit. 15, §§ 128–151."

We see no essential difference between the two statutory schemes and, therefore, and with utmost deference, we reject both the reasoning and results of *Harris*.

■ We hold that the Tennessee preliminary hearing is a "pretrial type of arraignment where certain rights may be sacrificed or lost."

■ We now come to the issue of the right to counsel at a preliminary hearing.

*Coleman* details the vital necessity for "the guiding hand of counsel."

Every criminal lawyer "worth his salt" knows the overriding importance and the manifest advantages of a preliminary hearing. In fact the failure to exploit this golden opportunity to observe the manner, demeanor and appearance of the witnesses for the prosecution, to learn the precise details of the prosecution's case, and to en-

---

1. Waddy v. Heer, 383 F.2d 789 (6th Cir. 1968).

2. Compare generally Title 15, Sections 128–151, Alabama Code with Sections 40–1101 through 40–1130, T.C.A. Compare specifically: Ala. Sec. 15–133 with T.C.A. Sec. 40–1109 (relating to examination by magistrate); Ala. Sec. 15–134 with T.C.A. Sec. 40–1114

(relating to sequestration of witnesses) ; Ala. Sec. 15–138 with T.C.A. Sec. 40–1113 (relating to the examination of witnesses) ; Ala. Sec. 15–139 with T.C.A. Sec. 40–1117 (relating to the discharge of the defendant) ; Ala. Sec. 15–140 with T.C.A. Sec. 40–1117 (relating to probable cause) and Ala. Sec. 15–151 with T.C.A. Sec. 40–1115 (relating to the reduction of the testimony to writing).

gage in that happy event sometimes known as a "fishing expedition", would be an inexcusable dereliction of duty, in the majority of cases.

To hold that an indigent defendant is not entitled to counsel during this critical event, is to ignore basic standards of competency and to disregard the accumulated learning and experience of the defense bar.

The Sixth Amendment guarantees to a criminal defendant the right "to have the assistance of counsel for his defense." This means the *effective* assistance of counsel, and "requires the guiding hand of counsel at every step in the proceedings". Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

This constitutional guarantee is not satisfied by a mere formal appointment. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

An inadequate performance by counsel renders a conviction void. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) the Court stated that "It has long been recognized that the right to counsel is the right to the effective assistance of counsel". Further the Court held that the attorney's advice must be "within the range of competence demanded of attorneys in criminal cases."

The Code of Professional Responsibility bears some relevance to the issue.

Canon 6 provides that "a lawyer should represent a client competently."

EC6–1 reads as follows:

Because of his vital role in the legal process, a lawyer should act with competence and proper care in representing clients. He should strive to become and remain proficient in his practice and should accept employment only in matters which he is or intends to become competent to handle.

DR6–101 provides, in part:

A lawyer shall not:

(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

With these standards in mind—standards which would preclude the appointment of counsel not competent in the field of criminal law, irrespective of expertise in other fields—it would be ludicrous to hold that an individual who merely masquerades as a lawyer could provide effective assistance of counsel within the meaning of the Sixth Amendment.

We, therefore, hold that the petitioner did not have the effective assistance of counsel at his preliminary hearing.

In summary we hold:

a. that a preliminary hearing is a critical stage in a criminal prosecution in Tennessee;

b. that a criminal defendant is guaranteed the right to counsel at a preliminary hearing;

c. that the state must provide competent counsel for an indigent defendant at the preliminary hearing.

In this particular case we hold that the petitioner was denied the effective assistance of counsel at a critical stage of the prosecution in violation of the Sixth Amendment.

We now analyze the results of this constitutional deprivation.

The advantages of the preliminary hearing may not be effectively restored. They are lost forever.

Therefore, the question remaining is whether petitioner was prejudiced by this

denial of a constitutionally guaranteed right.

The Supreme Court of the United States has held that some constitutional errors are deemed harmless in the setting of a particular case and, therefore, do not result in automatic reversal if the Court can declare a belief that the error is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In fashioning this harmless error rule the Court said:

> We prefer the approach of this Court in deciding what was harmless error in our recent case of Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed. 2d 171. There we said: 'The question is whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction' . . . . We, therefore, do no more than adhere to the meaning of our *Fahy* case when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.

This Court, on the basis of the record before it, cannot declare that petitioner's denial of the constitutional right to the effective assistance of counsel was harmless error.

There was no transcript of the testimony or proceedings at the preliminary hearing.

The record contains only the bare assertion of prejudice and the contention that petitioner's conviction cannot stand because he was not represented by counsel at the preliminary hearing.

The record is replete, however, with efforts made by petitioner to prove and rely upon his denial of counsel.

Except to the extent herein indicated, we affirm the Court of Criminal Appeals. That the petitioner was guilty as charged in the indictment, the record permits no reasonable doubt.

It is equally clear that his constitutional rights have been violated.

We are faced, then with the resolution of the question of the relief to which petitioner is entitled, under a record which does not provide the answers.

We vacate the petitioner's conviction and remand this case to the Criminal Court of Hamilton County for a determination of whether the denial of counsel at the preliminary hearing was harmless error under Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1968).

In making this determination the Court will follow the following procedural standards:

1. A full evidentiary hearing will be conducted.

2. If petitioner continues to be indigent counsel will be provided.

3. The burden of going forward with the evidence will be upon the petitioner.

4. A transcript of the hearing will be made.

5. The trial judge will rule upon the issue of prejudice and (a) award a new trial or (b) order the reinstatement of the conviction.

6. Either party may, as a matter of right, have the ruling of the trial judge considered by the court of Criminal Appeals by simply filing with the Clerk of that court, an authenticated transcript of the proceedings on remand.

7. Counsel may submit briefs, but oral argument will not be permitted.

Judgment conditionally vacated and remanded.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.