STATE of Tennessee, Petitioner,

v.

Thomas CHRISTMAS, Respondent.

STATE of Tennessee, Petitioner,

v.

Von McLEMORE, Respondent
(two cases).

STATE of Tennessee, Petitioner,

v.

Tommy PETERS, Respondent.

STATE of Tennessee, Petitioner,

v.

Von McLEMORE and Tommy
Peters, Respondents.

Supreme Court of Tennessee.

Nov. 10, 1975.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., H. Kenneth Deatherage, Dist. Atty. Gen., for petitioners.

Edward Michael Ellis, Charles H. Child, Knoxville, for respondents.

## OPINION

HENRY, Justice.

We granted the State's petition in these consolidated drug cases and set them for oral argument along with *State v. Gaddis and Davis* because they raised essentially the same questions.

In each of these cases the defendant moved the court for an order directing the district attorney general to furnish a sample of the controlled substance "to enable the defendant to have this substance analyzed in order to properly put forth a defense". As a part of the same motion, the defendant in each case moved the court to grant a continuance "in order to allow an analysis of the controlled substance allegedly found in the defendant's possession."

The trial judge disallowed the motion. The Court of Criminal Appeals vacated the judgment and remanded to the trial court under the guidelines of *McKeldin v. State,* 516 S.W.2d 82 (Tenn.1974) for a determination of whether the denial of the samples was harmless error.

The following tabulation is pertinent to the inquiry:

| CASE NUMBER | DATE OF INDICTMENT | DATE OF MOTIONS | DATE OF TRIAL |
|---|---|---|---|
| 44 | 11–7–73 | 2–2–74 | 2–22–74 |
| 45 | " | " | 2–13–74 |
| 46 | " | " | 2–13–74 |
| 47 | " | " | 2–19–74 |
| 48 | " | " | 2–12–74 |

While there is authority to the contrary, we attach no significance to the fact that the motions for a sample were made eighty-seven days after indictment. The overriding consideration is that the motions were made 20, 11, 11, 17 and 10 days, respectively, before trial. The motions show facially that a grant of the motions for samples would necessitate a continuance.

This Court, in the case of *State v. Gaddis and Davis,* decided this date, announced guidelines governing drug samples. As a part of these guidelines we said:

A motion for such inspection and analysis may be made at any time after arrest but must be made in ample time so as not to result in a postponement or continuance of the final hearing. A motion not so made may be treated as filed untimely, in the discretion of the trial judge.

In *Gaddis,* we stressed that reciprocity is involved in pre-trial discovery. It would be manifestly unfair to the State for the defense to come into court on the day of trial with a test result therefore unseen by the district attorney and which he had had no opportunity to check out with the State's toxicologist. We reiterate pre-trial discovery, in criminal cases, is a shield and not a sword. The rights must be reciprocal and neither party will be permitted to "bushwack" the other.

The judgment of the Court of Criminal Appeals is

Reversed.

FONES, C. J., COOPER and HARBISON, JJ., and INMAN, Special Justice, concur.