**Darrell Lamont McKELDIN,
Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Dec. 12, 1975.

Certiorari Denied by Supreme Court
Jan. 26, 1976.
Certiorari Denied March 29, 1976.
See 96 S.Ct. 1490.

Jerry H. Summers, Chattanooga, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Bart C. Durham, III, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Stanley Lanzo, Asst. Dist. Atty. Gen.; David Haines Rotroff, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

DUNCAN, Judge.

## OPINION

This case was previously before this Court on the defendant's direct appeal of his conviction for armed robbery, for which offense he received a penitentiary sentence of twenty years. In an opinion dated March 8, 1974, the defendant's conviction was affirmed by this Court. Subsequently, the Supreme Court granted certiorari, vacated the defendant's conviction, and remanded the cause to the Criminal Court of Hamilton County for further proceedings. *McKeldin v. State,* 516 S.W.2d 82, 83, 87 (Tenn.1974). The Supreme Court found merit to the defendant's complaint that he had been represented at his preliminary hearing in the Sessions Court by an individual who was "neither qualified by training nor licensed in the State of Tennessee to practice law".

In its opinion the Supreme Court, in part, said:

"This Court, on the basis of the record before it, cannot declare that petitioner's denial of the constitutional right to the effective assistance of counsel was harmless error.

"There was no transcript of the testimony or proceedings at the preliminary hearing.

"The record contains only the bare assertion of prejudice and the contention that petitioner's conviction cannot stand because he was not represented by counsel at the preliminary hearing.

"The record is replete, however, with efforts made by petitioner to prove and rely upon his denial of counsel.

"Except to the extent herein indicated, we affirm the Court of Criminal Appeals. That the petitioner was guilty as charged in the indictment, the record permits no reasonable doubt.

"It is equally clear that his constitutional rights have been violated.

"We are faced, then with the resolution of the question of the relief to which petitioner is entitled, under a record which does not provide the answers.

"We vacate the petitioner's conviction and remand this case to the Criminal Court of Hamilton County for a determination of whether the denial of counsel at the preliminary hearing was harmless error under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1968)."

On remand, the trial judge held an evidentiary hearing, at the conclusion of which he found and ruled that the fact the defendant was represented by a non-lawyer at his preliminary hearing was harmless error beyond a reasonable doubt. The trial judge reinstated the defendant's original conviction. The defendant has appealed the ruling of the trial judge, and the only issue before us is whether the trial judge was correct in his ruling.

The trial judge held a full and complete hearing on the issue to be decided, at the conclusion of which he entered a written "Memorandum and Order" encompassing his findings and rulings. We have reviewed

this "Memorandum and Order" and find that it accurately and fully answers the question posed herein.

■ In the defendant's first assignment of error, he contends the trial court erred in finding that his representation by a non-lawyer at the preliminary hearing was harmless error beyond a reasonable doubt.

From the trial judge's "Memorandum and Order," we specifically note that he compared the facts brought out in the remand hearing with the transcript of the trial. He stated that the "record nowhere indicates or suggests that the trial result would have been any different had the defendant had competent counsel at the preliminary hearing." Among other things, he found there were no "fatal weaknesses in the State's case, and none which could have been exposed at the preliminary hearing"; that "there was probable cause for the defendant to be bound over to the grand jury"; that "the magistrate's determination of bond did not prejudice the defendant at his subsequent trial"; that "the defendant waived no rights at the preliminary hearing"; that the defendant "did not testify, and gave no in-court confessions or admissions against interest which were subsequently used against him"; that "there were no rights which he might have asserted (i. e., early psychiatric examination, controversion of search warrant, etc.) which were relevant to his case and/or which he was deemed to have waived by failure to assert them at the preliminary hearing"; that "there was no witness at the preliminary hearing who did not appear, or was not available, at the trial."

The trial judge concluded that "the defendant was not prejudiced by the denial of counsel at the preliminary hearing." The court further found that such denial was harmless error beyond a reasonable doubt.

We are of the opinion that the record fully supports the findings and rulings of the trial judge.

■ Under this first assignment of error, the defendant argues that since a non-lawyer represented the defendant at his preliminary hearing, such representation constituted prejudice *per se*. The fact that the Supreme Court remanded this case for an evidentiary hearing on the question of whether or not harmless error was present amply refutes this contention. If such denial of counsel constituted prejudice *per se*; that is, if the issue was merely one of law, then the Supreme Court would not have remanded this cause for a factual determination.

The defendant's first assignment of error is overruled.

In his second assignment of error, the defendant alleges that the evidence preponderates against the verdict and in favor of the innocence of the defendant.

If by this assignment the defendant is seeking to attack the sufficiency of the convicting evidence, we would merely note that this issue was previously decided adverse to his contentions by this Court and by the Supreme Court in the original appeal.

If by this assignment, however, the defendant is challenging the sufficiency of the evidence to support the trial judge's ruling on the question involved in this last hearing, then we merely reiterate that the facts in this record fully support the trial judge's findings and rulings. The assignment is overruled.

■ Thus, after an evidentiary hearing, the trial judge found that even though the defendant was represented by a non-lawyer at his preliminary hearing in Sessions Court, such representation was harmless error beyond a reasonable doubt. The evidence in this record does not preponderate against this finding by the trial judge.

State v. Meadows, 215 Tenn. 668, 389 S.W.2d 256 (1965); *Tooley v. State*, 477 S.W.2d 250 (Tenn.Cr.App.1971). We must recognize and give effect to the firmly established principle of law that the findings of a trial judge at an oral hearing are entitled to the same weight as a jury verdict. *Tooley v. State*, supra; *Bratton v. State*, 477 S.W.2d 754 (Tenn.Cr.App.1971).

Affirmed.

WALKER, P. J., and GALBREATH, J., concur.