Darryl Lamont McKELDIN, Plaintiff,

v.

Jim ROSE, Warden, Tennessee
State Penitentiary,

and

William M. Leech, Jr., Attorney General,
State of Tennessee, Respondents.

Civ. No. 1–79–196.

United States District Court,
E. D. Tennessee, S. D.

Jan. 14, 1980.

Jerry H. Summers, Chattanooga, Tenn.,
for plaintiff.

Wm. M. Leech, Jr., Atty. Gen., Nashville,
Tenn., for respondents.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 in which the petitioner seeks to have his conviction and sentence set aside in the criminal case entitled *"State of Tennessee v. Darryl Lamont McKeldin,"* Docket No. 124092 in the Criminal Court of Hamilton County, Tennessee. It appears from the record that the petitioner was arrested on August 11, 1972, and a preliminary hearing was conducted on August 14, 1972, where the petitioner was represented by Isaiah Ewing, who was not a lawyer. The petitioner subsequently retained a licensed attorney who represented him at trial. The petitioner was convicted on April 6, 1973, upon the charge of armed robbery and received a sentence of 20 years imprisonment. His conviction was affirmed by the Tennessee Court of Criminal Appeals on March 8, 1974, but on November 12,

1974, the Supreme Court of Tennessee conditionally vacated the conviction and remanded the case to the Criminal Court of Hamilton County to determine whether the denial of an attorney at the preliminary hearing was harmless error. *McKeldin v. State*, 516 S.W.2d 82 (Tenn.1974). An evidentiary hearing was held, with the trial court finding that the absence of licensed counsel at the preliminary hearing was harmless error in this case. The Court of Criminal Appeals affirmed that decision on December 12, 1975; *McKeldin v. State*, 534 S.W.2d 131 (Tenn.Cr.App.1975). Certiorari was denied by the Tennessee Supreme Court on January 26, 1976 and certiorari was denied by the United States Supreme Court on March 29, 1976. A pro se petition for writ of habeas corpus was filed in the United States District Court for the Middle District of Tennessee on June 10, 1976. That petition was dismissed by order and memorandum dated March 3, 1977.

Based upon the history of this case, there appears to be no question that the petitioner has exhausted his state remedies as required in a § 2254 proceeding and the Court so finds.

The sole contention raised by the petitioner in this action as well as the prior petition is that representation by a nonlawyer masquerading as an attorney at the petitioner's preliminary hearing on an armed robbery charge constitutes a denial of the constitutional right to effective assistance of counsel which cannot be harmless error.

The case is presently before the Court upon the respondents' answer and motion for summary judgment, and the extensive state trial and appellate record.

The Court finds that the record is adequate for a decision to be made on the issues presented and since there are no material facts in dispute, an evidentiary hearing is not required. *See Hernandez v. Schneckcloth*, 425 F.2d 89 (9th Cir. 1970).

The following facts relevant to the matters here in issue appear undisputed in the record now before the Court.[1] The petitioner was arrested for armed robbery on August 11, 1972. Due to a declaration of indigency, a Chattanooga City Judge appointed Isaiah Ewing to represent the petitioner at the preliminary hearing held on August 14, 1972. It was thereafter learned that Mr. Ewing was practicing law in the Chattanooga City Court although he was neither qualified by training nor licensed in the State of Tennessee to practice law. Shortly thereafter on September 2, 1972, Mr. Ewing was perpetually and permanently enjoined by the Chancery Court of Hamilton County, Tennessee from practicing law. After the petitioner's indictment, retained counsel moved to dismiss the indictment or in the alternative to remand the matter to City Court for a new preliminary hearing. That motion was denied as was a subsequent motion to quash the indictment based upon the same facts. At trial the motions were again raised and denied. The petitioner thereafter sought the appellate and collateral relief detailed above which concluded with the previous petition for a writ of habeas corpus which was dismissed by the United States District Court for the Middle District of Tennessee in 1977.

■ The first issue before the Court is the effect of the dismissal of the earlier habeas corpus petition on petitioner's present right to seek relief in this petition. It is within the discretion of a district court to determine whether or not it chooses to consider a habeas petition heard once before upon similar facts in another district court. *Sanders v. United States*, 373 U.S. 1, 16–17, 83 S.Ct. 1068, 10 L.Ed.2d 148, 162 (1963). Rule 9(b) of the Rules Governing § 2254 Cases indicates that this discretionary decision should be based upon whether or not the petitioner alleges "new or different grounds for relief" and whether "the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of

---

1. Facts taken from opinion of Tennessee Supreme Court, *McKeldin v. State*, 516 S.W.2d 82, 83 (Tenn.1974).

the writ." In that regard, the petitioner in his brief relies upon two recent cases addressing the merits of his case, *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); and *People v. Felder,* 47 N.Y.2d 287, 418 N.Y.S.2d 295, 391 N.E.2d 274 (1979). The publication dates of both cases reveal that the Courts previously considering this case were without the benefit of these cases at the time this matter was considered. The present petition asserts a purely legal argument contending that the recently decided cases change the legal precedents in this matter. Under the guidance of Rule 9(b) and *Sanders, supra,* the Court in its discretion, will consider this petition.

The Court will now turn to the merits of the case at hand. This petition raises three questions which must be determined: (1) whether the petitioner was entitled to assistance of counsel at his preliminary hearing; (2) whether a court-appointed nonlawyer appearing for the petitioner at his preliminary hearing can satisfy the petitioner's right to counsel as provided by the Sixth Amendment; [2] and (3) if there is a denial of the assistance of counsel, can it be harmless error?

The first question to be determined is whether the petitioner was entitled to assistance of counsel at the preliminary hearing stage of his prosecution. The Supreme Court case of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) first announced the right to appointment of counsel in state trials. Referring to the historical importance of the right to counsel Mr. Justice Black stated:

From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers *without a lawyer to assist him. Gideon v. Wain-*

*wright,* 372 at 344, 83 S.Ct. at 796–797, 9 L.Ed.2d at 805. (Emphasis added).

The United States Supreme Court has held that a person accused of a crime is entitled to appointed counsel at all critical stages of the prosecution. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Therefore, a determination must be made as to whether the preliminary hearing in Tennessee is regarded as a critical stage of the prosecution. In *Coleman,* the Supreme Court stated four reasons for finding the preliminary hearing to be a critical stage requiring counsel:

First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

393 U.S. at 9, 90 S.Ct. at 2003, 26 L.Ed.2d at 397.

The Sixth Circuit earlier held in *Harris v. Neil,* 437 F.2d 63 (6th Cir. 1971) that the *Coleman* case would not apply to a Tennessee preliminary hearing. The *Harris* case involved a petitioner who was convicted in 1960 following a 1959 preliminary hearing, both events occurring many years before the Supreme Court's *Coleman* decision in 1970. The Sixth Circuit was rightfully hesitant to consider any retrospective application of *Coleman* in the *Harris* case. *See Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972).

2. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."

However, following the announcement of the *Harris* decision, but before the arrest of the petitioner, the Tennessee legislature enacted a new preliminary hearing statute repealing the prior act which had not allowed a preliminary hearing to those arrested on a warrant while the grand jury was in session. Tenn.Code Ann. § 40–1131 (1971). The 1971 statute in effect at the time of petitioner's arrest required a preliminary hearing upon the request of the accused regardless of the status of the grand jury. *See* 43 Tenn.L.Rev. 635, 640–645 (1976). In light of the statutory and procedural changes made by the state legislature by giving an accused a right to a preliminary hearing without reference to whether or not the grand jury is in session, the Tennessee Supreme Court felt compelled to re-examine the applicability of the *Coleman* decision despite the "unbroken line of Tennessee cases decided before and after *Coleman v. Alabama* [in which] it has been held that a preliminary hearing is not constitutionally required in a criminal prosecution in Tennessee." *McKeldin v. State*, 516 S.W.2d at 84. (Citations omitted).

Given the apparent change in the Tennessee law with respect to preliminary hearings and the opportunity to determine the prospective effect of *Coleman*, such a re-examination by the Tennessee court was appropriate. The Tennessee Supreme Court concluded that at the time of petitioner McKeldin's hearing in 1972, "the Tennessee preliminary hearing [was] a 'pretrial type of arraignment where certain rights may be sacrificed or lost.'" *McKeldin v. State*, 516 S.W.2d at 85 (Quoting *Coleman, supra*). The Court pointed out that the same factors that were considered by the Supreme Court in holding an Alabama preliminary hearing to be a critical stage of a criminal proceeding in *Coleman* were present in a Tennessee preliminary hearing. Consequently, the Tennessee court chose not to follow the *Harris* decision which was based upon the pre-1971 preliminary hearing statute and involved an accused whose hearing was held many years before *Coleman* was announced. This Court finds that the Tennessee decision does not act to contradict the Sixth

Circuit in *Harris v. Neil*, but instead merely updates the law stated in that decision based upon statutory changes which have occurred since 1971 and gives prospective effect to *Coleman*.

■ Since the *McKeldin* decision, the Tennessee Supreme Court has repeated its finding with respect to preliminary hearings. *Waugh v. State*, 564 S.W.2d 654, 658 (Tenn.1978). Most recently the Court carefully pointed out that while a preliminary hearing is not constitutionally required in Tennessee, such a hearing is a critical stage of a criminal prosecution under *Coleman v. Alabama*. *Moore v. State*, 578 S.W.2d 78, 80 (Tenn.1979). This Court finds that in light of the change in the preliminary hearing statute since *Harris*, and giving prospective effect to the clear language of *Coleman*, the preliminary hearing is a critical stage of a proceeding in Tennessee.

In the instant case the petitioner was represented by a layman who was holding himself out as a lawyer. Therefore, the next question is whether this representation can satisfy the requirement of assistance of counsel as guaranteed by the Sixth Amendment. Faced with a determination of whether representation by a nonlawyer could satisfy the right to counsel, the District of Columbia Court of Appeals came to the following conclusion:

> It is clear that these demands are not satisfied when the accused is "represented" by a layman masquerading as a qualified attorney; it is unthinkable that so precious a right, or so grave a responsibility, can be entrusted to one who has not been admitted to the practice of the law, no matter how intelligent or well educated he may be. (Footnote omitted). *Harrison v. United States*, 128 U.S.App.D.C. 245, 254, 387 F.2d 203, 212 (D.C.Cir.) *rev'd on other grounds* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968).

■ This Court adopts the reasoning of *Harrison* and finds that representation by a nonlawyer does not satisfy the right to counsel as guaranteed by the Sixth Amendment.

Having determined that the petitioner was denied the assistance of counsel at a critical stage of the proceeding the remaining issue is whether this can be considered harmless error. The Tennessee Supreme Court held that the question of prejudice to the petitioner could be considered in terms of harmless error under the guidelines of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The petitioner's conviction was vacated and remanded for an evidentiary hearing on the issue of prejudice by ineffective assistance of counsel. *McKeldin v. State*, 516 S.W.2d at 82. The subsequent hearing and opinion of the trial court and the opinion of the Court of Criminal Appeals focused on the extent of prejudice shown without consideration of the petitioner's argument of prejudice per se due to representation by a nonlawyer. Similarly, the decision of the United States District Court for the Middle District of Tennessee did not find a per se violation of the petitioner's Sixth and Fourteenth Amendment rights under the facts alleged.

The petitioner argues that based upon the language of a recent United States Supreme Court decision and the rationale of a factually similar New York case, the harmless error analysis used in this case is constitutionally unacceptable. *Holloway v. Arkansas, supra; People v. Felder, supra.* Stated another way, the petitioner contends that his representation by a court appointed nonlawyer whose status was not known by the petitioner was a denial of the right to counsel which cannot be harmless error.

■ The Supreme Court of the United States has held that certain constitutional errors are deemed harmless and do not require automatic reversal while other errors are so basic to a fair trial that they can never be treated as harmless error. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The right to have the assistance of counsel is one such basic right which cannot be treated as harmless error because it is "too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser v. United States*, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680, 702 (1942).

In *Holloway*, the United States Supreme Court stated as follows:

. . . the assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." *Chapman v. California*, supra, [386 U.S.,] at 23, 87 S.Ct. 824, [at 827,] 17 L.Ed.2d 705, 24 A.L.R.2d 1065. Accordingly, when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 [(1963); ] *Holloway v. Arkansas*, 435 U.S. at 489, 98 S.Ct. at 1181, 55 L.Ed.2d at 437–38.

Although the *Holloway* case involved improper joint representation of codefendants, the statement with regard to a harmless error analysis of the right to the presence and assistance of an attorney is a broad pronouncement concerning the propriety of a harmless error review in right to counsel cases.

A situation factually similar to the instant case arose recently in New York and was addressed by that state's supreme appellate court in *People v. Felder*, N.Y.Ct. App., 25 Crim.L.Rep. 2290 (1979). The New York court divided the case into two issues: Whether representation by an unlicensed lay person amounts to an absolute deprivation of representation, and whether a harmless error analysis may then be used to overlook that deprivation. That court relying on *Turner v. American Bar Assn.*, 407 F.Supp. 451, 474 (W.D.Wisc.1975) aff'd 539 F.2d 715 (1976) held that the right to "counsel" as guaranteed by the Sixth Amendment could not be satisfied by representation by a layman off the street without qualifications as to either training or character. The *Felder* court further held that representation by a nonlawyer cannot be harmless error.

This Court concurs in the reasoning and results in *Holloway* and *Felder*, and holds

that when a defendant is denied assistance of counsel at a critical stage of the prosecution it cannot be treated as harmless error. *See also United States v. Goodwin*, 531 F.2d 347 (6th Cir. 1976), which involved representation at the preliminary hearing of an accused in federal court.

The question which next arises is whether or not to give retrospective effect to the *Holloway* decision since it was decided after the denial to the petitioner of his right to counsel and the harmless error review of this matter. It is clear that "the Constitution neither prohibits nor requires retrospective effect." *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601, 608 (1965). The resolution of the effect to be given a particular ruling lies with the Courts. The following relevant factors to consider were announced by the United States Supreme Court in *Stovall v. Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967):

(a) The purpose to be served by the new standards,

(b) The extent of the reliance by law enforcement authorities on the old standards, and

(c) The effect on the administration of justice of a retroactive application of the new standards.

It is clear that the Supreme Court has often applied its rules involving an accused's right to counsel at judicial pretrial proceedings retroactively. See Annotation 22 L.Ed.2d 821 (1970). However, the Court did announce that "retroactive application of *Coleman [v. Alabama]* 'would seriously disrupt the administration of our criminal laws.' " *Adams v. Illinois*, 405 U.S. 278, 284, 92 S.Ct. 916, 920, 31 L.Ed.2d 202, 209 (1972). That decision was based upon the Court's projection of immeasurable complications, disruption of criminal calendars and the great impact upon the administration of the criminal law due to the great number of potential petitioners who might seek the retroactive benefit of the *Coleman* decision.

This case, however, involving a layman masquerading as an attorney, offers no such potential for a great number of similar petitions. Therefore the Court finds that the retroactive use of *Holloway* in this context will not endanger the administration of our criminal laws. Accordingly, the language of the *Holloway* decision will be applied to this case.

 In summary, this Court finds that the court appointment of a layman unlicensed and unqualified to practice law and the appearance of that layman at the petitioner's preliminary hearing on a charge of armed robbery is a denial of the Sixth Amendment right to counsel. Furthermore, that denial is not subject to analysis under a harmless error theory pursuant to the decision in *Holloway* which will be given retroactive effect. Accordingly, this Court will order the petitioner be released subject to the state's initiation of further proceedings against him within ninety days.