**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL, 1997 SESSION**

FILED

June 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES E. PEDEN,** | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9509-CC-00298 |
| | ) | |
| vs. | ) | Lincoln County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Charles Lee, Judge |
| | ) | |
| Appellee. | ) | |
| | ) | |

FOR THE APPELLANT:

WILLIAM C. ROBERTS, JR.
Suite 1502, Parkway Towers
Nashville, TN 37219

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

LISA A. NAYLOR
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM MICHAEL McCOWN
District Attorney General
215 E. College, P.O. Box 904
Fayetteville, TN 37334

WEAKLEY E. BARNARD
Asst. District Attorney General
Marshall Co. Courthouse
Room 407
Lewisburg, TN 37091

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, James E. Peden[1] appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the Lincoln County Circuit Court's denial of post-conviction relief. On June 2, 1992, the petitioner pleaded guilty to three counts of aggravated assault, a Class C felony, one count of felony reckless endangerment, a Class E felony, and one count of indecent exposure, a Class A misdemeanor.[2] In accordance with the plea agreement, the trial court sentenced the petitioner to an aggregate sentence of ten years as a Range I offender. The petitioner filed no direct appeal.

The petitioner filed a timely petition for post-conviction relief alleging that his guilty plea was involuntary and that he had received ineffective assistance of counsel. The trial court held an evidentiary hearing on July 31, 1995 at which the petitioner and the two attorneys who had represented him testified.[3] The trial judge entered his order denying the petition on August 27, 1995. In the order, the trial judge concluded that counsel's performance exceeded that required by Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and that the petitioner had voluntarily and knowingly entered his guilty plea.

---

[1] The petitioner's name appears on the transcript and the post-conviction petitions "James Edward Peden" and appears on the state's brief and previous orders of this court "James E. Peden, Jr." We use the name as it appears on the indictment, "James E. Peden."

[2] The petitioner was originally indicted on nineteen separate counts. The state dismissed fourteen counts as a result of the plea bargain. All of the charges related to an incident that occurred on March 6, 1992. A woman had reported to the police that the petitioner had exposed his genitals to her. When the police attempted to stop the petitioner's vehicle, he fled, swerving around a police car that blocked his path and causing a number of officers to jump out of the way.

[3] The Lincoln County public defender initially represented the petitioner. After the arraignment, the petitioner retained Jack Dearing, a private attorney.

In this appeal, the petitioner contends only that he received ineffective assistance of counsel. He alleges that counsel failed to make a proper investigation, failed to consider alternative defenses or trial strategies, and did not make a record of discussions with his client or provide him with written notice of the length of his sentence.  After carefully reviewing the record and the applicable law, we find that the evidence in the record does not preponderate against the trial judge's findings, and, therefore, we affirm the trial court's dismissal of the petition for post-conviction relief.

In post-conviction proceedings, the petitioner has the burden of proving the grounds raised in the petition by a preponderance of the evidence. Clark v. State, 800 S.W.2d 500, 506 (Tenn. Crim. App. 1990).  When reviewing the dismissal of a post-conviction petition, this court must affirm the judgment of the trial court unless the evidence in the record preponderates against the court's findings. Cooper v. State, 849 S.W.2d 744, 746 (Tenn.1993).

In Tennessee, the accused has a constitutional right to the effective assistance of counsel at all critical stages of a criminal prosecution.  Tenn. Const. art. I, § 9; Powell v. Alabama, 287 U.S. 45 (1932); McKeldin v. State, 516 S.W.2d 82, 86 (Tenn.1974).   In order to establish ineffectiveness under the standard established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), a criminal defendant must show both that

3

counsel's performance was deficient and that the deficiency is sufficient to undermine confidence in the outcome of the proceeding. 466 U.S. at 694, 104 S.Ct. at 2064. In Tennessee, the appropriate test for determining whether counsel provided effective assistance is whether his advice and services were within the range of competence demanded of trial attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1975).

The standard is adjusted, however, in the context of a guilty plea. To set aside a guilty plea because of ineffective assistance of counsel, the attorney's performance must be deficient as defined in Strickland. To satisfy the "prejudice" requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996).

The rules of appellate review are well-established. First, this court cannot reweigh or reevaluate the evidence; nor can it substitute its inferences for those drawn by the trial court. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Second, questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are matters resolved by the trial court. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Third, the petitioner has the burden of establishing that the evidence in the record preponderates against the findings of the trial court. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

At the conclusion of the hearing, the trial judge found that the petitioner's testimony was not believable, and he specifically accredited counsel's

4

testimony. The trial judge found that counsel consulted with the petitioner for five or six hours prior to the entry of his guilty plea, that he explained the elements of the offenses and discussed all possible defenses with the petitioner, and that counsel made no promises concerning the length of time the petitioner would actually serve. He found that counsel interviewed all of the eye witnesses and victims in the case and had not ignored or failed to discover any exculpatory evidence. The trial judge noted that petitioner's retained counsel was experienced in criminal defense and that he was able to negotiate a favorable plea bargain on the petitioner's behalf.

Based on these findings, the trial court concluded that the advice and services provided by counsel not only were within the range of competence demanded of criminal defense attorneys but that they exceeded the applicable standards. The record supports the trial court's factual findings. Counsel's testimony was rebutted only by the petitioner himself. Questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are matters resolved by the trial court, State v. Williams, 657 S.W.2d 405, 410 (Tenn.1983), and the trial judge accredited the testimony given by the two attorneys.

Moreover, we cannot find that counsel was ineffective because he neglected to provide his client with written notice of the length of his sentence or because he failed to make a written record of his meetings with the petitioner. The petitioner's responses at the guilty plea submission hearing demonstrate that he knew exactly what the agreed sentence was according to the plea agreement. Nor can we conceive of any prejudice that might accrue to the petitioner by his attorney's failure to note in his file the time, length and substance of their meetings.

5

Neither the existence nor non-existence of such a record would demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59, 106 S.Ct. at 370; Dixon v. State, 934 S.W.2d at 72.

We affirm the trial court's conclusion that the petitioner received effective assistance of counsel in the resolution of these charges.

The trial judge also found that the petitioner's guilty plea was voluntary and in accordance with constitutional requirements.[4] The petitioner's responses to the trial judge indicate that he fully understood his rights and that he acknowledged that neither promises nor coercion motivated his plea. A trial court's only method to determine whether a plea is motivated by improper promises or threats is to question the defendant. As the trier of fact, the trial judge is entitled to weigh all the evidence presented at the evidentiary hearing based on the petitioner's demeanor and all of the circumstances. Tonia Lee Davenport v. State, No. 02C01-9307-CC-0151, slip op. at 10 (Tenn. Crim. App., Jackson, Feb. 8, 1995). After giving the matter due consideration, the trial judge found that the petitioner voluntarily and knowingly surrendered his constitutional rights. The evidence in the record does not preponderate against that finding.

The petitioner has not met his burden of proving the allegations in his post-conviction petition by a preponderance of the evidence. He has not

---

[4] Petitioner has not raised the issue of voluntariness in this appeal. The issue, however, was before the trial court, and the record contains testimony and the trial judge's findings on the issue. Because the brief filed on petitioner's behalf is a scant three pages in length and develops no issue in detail, we have chosen to review the trial court's finding on the voluntariness of petitioner's guilty plea in the interest of justice. Tenn. R. App. P. 2.

demonstrated that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, or that his guilty plea was entered involuntarily. Therefore, we affirm the trial court's dismissal of his petition for post-conviction relief.

_____
CURWOOD WITT, Judge

_____
GARY R. WADE, Judge

_____
DAVID H. WELLES, Judge