# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. FRANK TATE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-01216   Bernie Weinman, Judge**

---

### No. W1999-01068-CCA-R3-CD - Decided June 20, 2000

---

The defendant appeals from the trial court's denial of his motion for reduction of sentence under Tennessee Rule of Criminal Procedure 35(b).  In this appeal, the defendant alleges the trial court erred by not holding an evidentiary hearing.  Concluding that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which WADE, P.J., and WOODALL, J., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Frank Tate.

Paul G. Summers, Attorney General & Reporter, Kim Helper, Assistant Attorney General, William Edward Gibson, District Attorney General, Phyllis Gardner, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Frank Tate, appeals from the denial of his motion for reduction of sentence by the Shelby County Criminal Court.  See Tenn. R. Crim. P. 35(b).  The defendant pleaded guilty to robbery, a Class C felony, and agreed to a sentence of six years plus one day as a Range II, multiple offender.  He timely filed a Rule 35(b) motion to reduce his sentence.  In this appeal, he complains that the trial court denied the motion without holding an evidentiary hearing.  Following a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

The defendant's guilty plea was based upon an incident which occurred on September 22, 1997.  The defendant had spent that day being driven around the area by his brother's girlfriend.  At the end of the day, he asked her to stop at a convenience store so that he could purchase cigarettes.  He entered the store and told the clerk to open the cash register or he would "blow her head off."  The clerk thought that he had a weapon.  He took $255 and a pack of cigarettes.

The defendant ran out of the store and got into the car with his brother's girlfriend, who drove off. The clerk telephoned the police as she saw the car leaving. She recognized the car as one normally driven by one of two regular customers. With her identification of the car, the police quickly determined the identity of the defendant and arrested him at his mother's home the following morning. The store clerk identified the defendant as the robber, and the video tape from the store's surveillance camera showed the defendant robbing the store.

The defendant was indicted for robbery. In a plea agreement with the state, he agreed to a sentence of six years and one day. After his plea was accepted and he was sentenced, he filed a *pro se* motion for reduction of sentence. See Tenn. R. Crim. P. 35(b). The trial court denied the motion without holding an evidentiary hearing.

Rule 35(b) provides that the "trial court may reduce a sentence upon application" and that such a "motion for reduction of sentence under this rule may be denied by the trial judge without a hearing." Tenn. R. Crim. P. 35(b). The rule authorizes the trial court to reconsider a previously-imposed sentence and reduce it if such a reduction is "in the interest of justice." Tenn. R. Crim. P. 35(b), Advisory Comm'n Comments. The trial court should consider whether "unforeseen, post-sentencing developments" have arisen that "would permit modification of a sentence in the interest of justice." State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). In making any modification to a sentence, however, the trial court is limited to imposing only a sentence that "the court could have originally imposed." Tenn. R. Crim. P. 35(b); see State v. Bilbrey, 816 S.W.2d 71, 76 (Tenn. Crim. App. 1991).

The defendant complains that the trial court erred by not holding an evidentiary hearing so that he could present evidence concerning alleged prosecutorial misconduct. At the motion hearing, the defendant unequivocally stated that he did not want his guilty plea set aside. He said that he only sought a reduction in his sentence. At this juncture, the defendant asserts that justice requires the proper investigation of his allegations of prosecutorial misconduct.

Factually, this case is similar to McDonald. In that case, the defendant agreed to plead guilty in exchange for a specific sentence. McDonald, 893 S.W.2d at 946. After receiving this sentence, the defendant filed a *pro se* Rule 35(b) motion for reduction of sentence. Id. The trial court denied the motion without holding an evidentiary hearing. Id. at 947. However, unlike the case at bar, McDonald did not contest the lack of an evidentiary hearing; he contested the trial court's finding that he was not eligible for a reduction of sentence under Rule 35(b) because he agreed to the sentence as part of his plea agreement. Id. This court affirmed the trial court's denial because the trial court determined that the defendant "failed to show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice." Id. at 948. Appellate review of Rule 35(b) rulings is governed by the "abuse of discretion" standard. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). As in McDonald, there is nothing in the record to indicate that the trial court abused its discretion in denying the motion to reduce the sentence pursuant to Rule 35(b).

The defendant complains that the trial court erred by not holding an evidentiary hearing. However, the rule permits the trial court to deny Rule 35(b) motions without a hearing. See Tenn. R. Crim. P. 35(b). In his motion the defendant alleged prosecutorial misconduct. The defendant relies upon Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196 (1963), for the proposition that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." He alleges that, in his case, the alleged prosecutorial misconduct goes to punishment and that therefore, he should have been granted an evidentiary hearing to investigate the alleged misconduct. We disagree. At this stage of the proceedings, evidentiary hearings are not to be used solely as "fishing expeditions." Compare Teague v. State, 772 S.W.2d 915, 929 (Tenn. Crim. App. 1988) (petitioner "not entitled to use the [post-conviction] hearing as a discovery device or a fishing expedition"), with State v. Singleton, 853 S.W.2d 490, 495 (Tenn. 1993) (preliminary hearing is "a golden opportunity . . . to learn the precise details of the prosecution's case, and to engage in that happy event sometimes known as a fishing expedition") (citing dicta in McKeldin v. State, 516 S.W.2d 82, 84-86 (Tenn. 1974)). At the motion hearing, the defendant neither made an offer of proof nor described what proof he had to offer to support his allegations.

Further, in his brief before this court, the defendant failed to cite to the record and failed to otherwise provide specific details in support of his allegations. See State v. Pike, 978 S.W.2d 904, 916-17 (Tenn. 1998); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997) (citing Tenn. R. App. P. 27(a)(7) and Tenn. R. Ct. Crim. App. 10(b) for proposition that issue is ordinarily waived when party fails to make appropriate references to the record in the argument portion of the brief). Without such information, we cannot conclude that the trial court abused its discretion. See State v. Baxter, 938 S.W.2d 697, 703 (Tenn. Crim. App. 1996) (this court unable to assess the impact of the trial court's ruling without an offer of proof).

As an aside, we note that even if the defendant were entitled to a reduction in sentence, the greatest reduction he could receive would be only one day because he received a sentence of six years and one day. See Tenn. Code Ann. § 40-35-112(b)(3) (for a Class C felony, the minimum sentence as a Range II, multiple offender, is six years). A modified sentence can only be one that the trial court could have originally imposed, see Tenn. R. Crim. P. 35(b), and the defendant has made no claim that he was sentenced in the wrong range.

Accordingly, we conclude the trial court did not abuse its discretion. The defendant's issue is without merit, and the trial court's judgment is affirmed.