# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 19, 2003 Session

## STATE OF TENNESSEE v. MICHAEL CHRISTOPHER ABRAMS

**Direct Appeal from the Criminal Court for Knox County**
**No. 76148    Richard R. Baumgartner, Judge**

---

**No. E2003-00810-CCA-R3-CD**
**February 13, 2004**

---

The petitioner appeals the Knox County Criminal Court's summary dismissal of his appeal and petition for writ of certiorari, arguing that he was entitled to a criminal court review of the general sessions court's ruling on his motion to suppress evidence. Because we conclude we lack jurisdiction, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellant, Michael Christopher Abrams.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Randall E. Nichols, District Attorney General; and C. Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS AND PROCEDURAL HISTORY

On January 5, 2002, a Knox County sheriff's deputy initiated a traffic stop of a vehicle that resulted in the arrest of the passenger, the petitioner, Michael Christopher Abrams, on drug-related charges. On July 17, 2002, the petitioner filed a motion to suppress in the General Sessions Court of Knox County in which he argued that the sheriff's deputy lacked the authority to conduct the traffic stop because his oath of office was not properly administered and not filed with the appropriate office. The five judges of the general sessions court, sitting *en banc*, dismissed the motion to suppress in a written opinion entered on December 2, 2002, finding that the deputy was a *de facto* officer at the time of the stop, his actions were valid, and the motion to suppress constituted a collateral attack on the officer's authority to act, which was not permitted by law.

On December 13, 2002, the petitioner filed a notice of appeal to the Knox County Criminal Court pursuant to Tennessee Code Annotated section 40-4-110, as well as a pleading entitled "Appeal and Petition Certiorari and Supersedeas From the Order of the Knox County General Sessions Court." After hearing the matter, the criminal court, on February 19, 2003, denied the writ and dismissed the appeal on the basis that the general sessions court's denial of the petitioner's motion to suppress evidence was neither a proper ground for review under a petition for writ of certiorari and supersedeas nor a final judgment subject to direct criminal court review. The trial court's order states in pertinent part:

> Defendant concedes at oral argument that this is not a direct appeal from the General Sessions Court as it is not a final order of that Court. Defendant does claim, however, that it is subject to review pursuant to certiorari and supercedes [sic]. He asserts that because the General Sessions Court dismissed his motion to suppress on the grounds that he could not collaterally attack the law enforcement officer's authority to act due to defects in the manner [the] oath was administered and filed, that an interlocutory review by this court is warranted.
>
> In State v. Johnson, 569 S.W.2d 808 (Tenn. 1978), our Supreme Court held that certiorari and supercedes [sic] would lie to inquire into various inferior court actions including, but not restricted to the following situations:
>
> A.   Where the ruling of the court below represents a fundamental illegality.
> B.   Where the ruling constitutes a failure to proceed according to the essential requirements of law.
> C.   Where the ruling is tantamount to the denial to either party of a day in court.
> D.   Where the action of the trial judge was without legal authority.
> E.   Where the action of the trial court constituted a [plain and palpable abuse] of discretion.
> F.   Where either party has lost a right or interest that may never be recaptured.
>
> After considering arguments of counsel, and reviewing this matter, this court is of the opinion that defendant's position [does] not assert any of the criteria set forth in State v. Johnson. The General Sessions Court ruling does not represent a fundamental illegality; does not constitute a failure to proceed according to these essential requirements of law; does not deny either party a day in court; is not

without legal authority; did not constitute an abuse of discretion; and does not deprive a party a right that cannot be re-asserted or recaptured. Because this court does not believe that defendant's appeal meets the grounds for review under a petition for certiorari and supercedes [sic], and is not a final judgment with the General Sessions Court subject to review by this Court, the appeal is hereby **DISMISSED**, and the case is remanded to the General Sessions Court for further proceedings.

Subsequently, the trial court denied the petitioner's motion for relief from its order, and the petitioner filed a timely notice of appeal to this court under Rule 3 of the Tennessee Rules of Appellate Procedure. However, because Rule 3 does not provide for an appeal of an adverse certiorari ruling, this court requested at oral argument that the parties file supplemental briefs addressing our jurisdiction to entertain this appeal.

**ANALYSIS**

There are essentially two issues presented by this appeal: (1) whether the trial court erred in summarily dismissing the petitioner's appeal and petition for writ of certiorari, and (2) whether this court has jurisdiction to entertain this appeal. As to the first issue, the petitioner contends he was entitled to a criminal court review of the general sessions court's denial of his motion to suppress evidence pursuant to common law/constitutional certiorari, statutory certiorari, or Tennessee Code Annotated section 40-4-110, which provides that certain proceedings of the general sessions court may be superseded and removed by certiorari to the circuit court of the county "upon good cause." The petitioner argues the criminal court erroneously failed to address his claims for review pursuant to Tennessee Code Annotated section 40-4-110 or statutory certiorari, and erroneously denied his petition pursuant to common law certiorari by mistakenly applying the State v. Johnson, 569 S.W.2d 808 (Tenn. 1978), criteria as the exclusive procedural prerequisites for granting common law certiorari.

As for the latter issue, the petitioner first contends this court may entertain the appeal under Rule 3(a) of the Tennessee Rules of Appellate Procedure, which provides that an appellate court has jurisdiction to review final judgments in civil actions. He concedes that his motion to suppress evidence arose in the context of a criminal case. Nonetheless, he asserts that the criminal court applied Rule 12.06 of the Tennessee Rules of Civil Procedure to dismiss his petition on the grounds that it failed to state a claim for which relief could be granted, as there is no rule of criminal procedure which provides for the summary dismissal of a writ of certiorari. He argues, therefore, that this court should apply Tennessee Rule of Appellate Procedure 3(a) to review the criminal court's action as a final judgment on the petition. In the alternative, he argues this court has the authority to consider the appeal pursuant to a writ of certiorari, as an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10, or under Tennessee Rule of Appellate Procedure 2 which provides that an appellate court may suspend any of the rules of appellate procedure "for good cause."

The State responds to the petitioner's contention that the trial court erred in dismissing his appeal and denying his petition for writ of certiorari by arguing, *inter alia*: (1) the petitioner failed to assert any grounds in support of statutory certiorari; (2) Tennessee Code Annotated section 40-4-110 does not permit interlocutory appeals to the criminal court; and (3) the criminal court correctly denied the petitioner's writ of common law certiorari because he is not without other remedies, including the ability to file a motion to suppress the evidence pretrial under Tennessee Rule of Criminal Procedure 12(b) and, should the motion be denied, to either enter a conditional plea of guilty while reserving the question for appeal or to raise the issue on direct appeal following a conviction at trial. As for the second issue, the State argues this court lacks jurisdiction under Rule 3 of the Rules of Appellate Procedure because this appeal is of a criminal matter for which a judgment of conviction has not been entered. Accordingly, by the State's argument, this court lacks jurisdiction under Rule 10 of the Rules of Appellate Procedure because the criminal court's order dismissing the appeal and petition is not an interlocutory order where review is necessary to prevent the petitioner from forever losing an interest. Finally, the State argues that this court should decline to accept jurisdiction under either Rule 2 of the Rules of Appellate Procedure or pursuant to a writ of common law certiorari because the petitioner has other available remedies at his disposal.

### Jurisdiction to Entertain Appeal

We first address the petitioner's contention that this court's jurisdiction to consider his appeal arises under Rule 3 of the Tennessee Rules of Appellate Procedure. The petitioner concedes subsection (b), which grants a criminal defendant an appeal as of right from a judgment of conviction, from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, does not give this court jurisdiction over the criminal court's dismissal of his petition for writ of certiorari. Instead, the petitioner contends that because the trial court applied Rule 12.06 of the Rules of Civil Procedure to summarily dismiss his petition on the grounds that it failed to state a claim for which relief may be granted, fundamental fairness dictates that this court review the trial court's dismissal under subsection (a) of Rule 3, which provides in pertinent part that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."

The petitioner bases his claim that the trial court applied Tennessee Rule of Civil Procedure 12.06 to dismiss his petition on the fact that "[n]o Rule of Criminal Procedure applies to a petition for certiorari from General Sessions Court to criminal court" and "[n]o Rule of Criminal Procedure permits a trial court to dismiss a petition prior to a hearing." However, as the State points out, there is no rule of civil procedure that covers the filing of a petition for writ of certiorari either. Moreover, although a full evidentiary hearing may not have been held, the trial court's order recites it heard the matter "on February 11, 2002," and allowed the parties to present oral argument before concluding it had no jurisdiction to consider the issue as a direct appeal as there was no final, appealable judgment in the general sessions court, and there were no grounds to support granting the petition for writ of certiorari. "Decisions either to grant or to deny a petition for writ of certiorari are ordinarily based on the allegations in the petition, although the reviewing court may, in its discretion,

conduct a hearing before granting the writ." <u>Timothy V. Bowling v. Tennessee Bd. of Paroles</u>, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *2 (Tenn. Ct. App. Apr. 30, 2002). Since the petitioner's claim for the right to a review of the general sessions court's ruling presented legal, rather than factual, issues, a full evidentiary hearing was not necessary in this case. Therefore, we conclude we have no jurisdiction to entertain this appeal under either subsection (a) or (b) of Rule 3 of the Tennessee Rules of Appellate Procedure.

The petitioner next contends this court has jurisdiction pursuant to Rule 10 of the Rules of Appellate Procedure. Rule 10 provides that an appellate court may, in its discretion, grant an extraordinary appeal of interlocutory orders of a lower court "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules." Tenn. R. App. P. 10(a) (2003). We agree with the State that a Rule 10 discretionary appeal is not appropriate under the circumstances of this case. "Typically, the Rule 10 requirements for a discretionary appeal are not met when a trial court overrules a defendant's motion to suppress evidence." <u>State v. Norris</u>, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000). Our supreme court has concluded that an extraordinary appeal, whether pursuant to a common law writ of certiorari or to Rule 10 of the Tennessee Rules of Appellate Procedure, is appropriate:

> a. Where the ruling of the court below represents a fundamental illegality.
>
> b. Where the ruling constitutes a failure to proceed according to the essential requirements of the law.
>
> c. Where the ruling is tantamount to the denial of either party of a day in court.
>
> d. Where the action of the trial judge was without legal authority.
>
> e. Where the action of the trial judge constituted a plain and palpable abuse of discretion.
>
> f. Where either party has lost a right or interest that may never be recaptured.

<u>State v. Willoughby</u>, 594 S.W.2d 388, 392 (Tenn. 1980) (citing <u>Johnson</u>, 569 S.W.2d at 815); <u>see also</u> <u>State v. Adrian Lumpkin</u>, No. W2002-00648-CCA-R3-CD, 2002 WL 31730894, at *2 (Tenn. Crim. App. Nov. 27, 2002) (applying <u>Willoughby</u> factors to conclude that defendant met requirements for a Rule 10 extraordinary appeal because trial court imposed illegal condition of confinement in its grant of judicial diversion). In this case, the trial court's dismissal of the petitioner's appeal and petition for writ of certiorari meets none of the criteria listed above.

Finally, the petitioner urges this court to accept jurisdiction either under Rule 2 of the Rules of Appellate Procedure, which provides that, with a few exceptions, the Rules of Appellate Procedure may be suspended "[f]or good cause, including the interest of expediting decision upon any matter," or pursuant to a writ of certiorari. However, we again agree with the State that neither of these extraordinary methods for obtaining jurisdiction is appropriate in this case because the petitioner has other avenues by which to challenge the legality of the traffic stop which led to his arrest on drug charges.

Tennessee Rule of Appellate Procedure 2 allows an appellate court to assume jurisdiction in an appropriate case by suspending the jurisdictional requirements of Rule 3. See Bayberry Assocs. v. Jones, 783 S.W.2d 553, 559 (Tenn. 1990) (finding, under Rule 2, "no bar to the suspension of Rule 3(a)"). The court must, however, find a good reason for the suspension of the rules, which we fail to find here. Id. Nor do we find this situation appropriate for the extraordinary remedy of certiorari. A writ of certiorari is "a procedural vehicle which . . . functions properly when a court uses it to review a proceeding to determine whether there were any irregularities." State v. Winsett, 882 S.W.2d 806, 809 (Tenn. Crim. App. 1993) (citing Black's Law Dictionary, 228 (6th ed. 1990)). Constitutional or common law certiorari is codified at Tennessee Code Annotated section 27-8-101:

> **Constitutional basis.** – The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Thus, the common law writ of certiorari is an extraordinary remedy which is not available as of right. Blackmon v. Tennessee Bd. of Paroles, 29 S.W.3d 875, 878 (Tenn. Ct. App. 2000). "Whether the common law writ of certiorari will issue is a matter of discretion. It is not issued as a matter of right." Boyce v. Williams, 215 Tenn. 704, 713-14, 389 S.W.2d 272, 277 (1965) (citation omitted). The Court of Appeals has explained the discretionary nature of this writ:

> The common-law writ of certiorari is considered an extraordinary remedy that is not available as of right. It should only be granted when, in the words of Tenn. Code Ann. § 27-8-101 (2000), "there is no other plain, speedy, or adequate remedy." While the statutory requirement that the person seeking the writ have no other plain, speedy, or adequate remedy does not impose strict "finality" or "exhaustion of remedies" requirements on petitions for writs of common-law certiorari, *it reflects a reviewing court's prudential obligation to stay its hand and to decline to disrupt on-going proceedings when timely and adequate relief for the perceived wrong is available either in the on-going proceeding or elsewhere.*

Bowling, 2002 WL 772695, at *2 (citations and footnote omitted) (emphasis added).

On appeal, the defendant has presented the additional argument that the action of the general sessions court violated various of his constitutional rights, asserting that it was, in effect, a "procedural dismissal" of his motion to suppress because the court "mistakenly viewed [his] motion to suppress as an attack on the officer's authority, rather than an attack on the state's ability to introduce evidence . . . that was unlawfully obtained by the criminal act of the state's agent." By doing so, according to the defendant's argument, the general sessions court violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, as well as under Article I, Sections 7, 9, and 17 of the Tennessee Constitution.

We agree with the defendant's assertion that a preliminary hearing is a critical part of a criminal prosecution, as our supreme court has explained most recently in State v. Graves, ___S.W.3d___, 2003 WL 21212667, at *4 (Tenn. 2003):

> In McKeldin v. State, 516 S.W.2d 82, 85-86 (Tenn. 1974), . . ., we recognized that the Tennessee preliminary hearing is a "critical stage" of the criminal prosecution and that its importance to the defense as a discovery tool could not be ignored. Id. In addition, the preliminary hearing is generally the first opportunity the defense has to confront and cross-examine witnesses under oath. See id.

This court, in State v. Whaley, 51 S.W.3d 568, 570 (Tenn. Crim. App. 2000), noted another function of a preliminary hearing, "to determine whether probable cause exists to believe that the accused committed the offense charged, and to fix the amount of bail for bailable offenses." However, the facts that a preliminary hearing is a critical stage in a criminal prosecution and the general sessions court dismissed the defendant's motion to suppress without the presentation of witnesses does not, as we will explain, lead us to conclude that his constitutional rights were violated or even that the proceeding was unfair.

The defendant makes a number of claims as to the dismissal of his suppression motion, saying that it was "erroneous," because the court "mistakenly viewed [the defendant's] motion to suppress as an attack on the officer's authority, rather than an attack on the state's ability to introduce evidence against [the defendant] . . . obtained by the criminal act of the state's agent." He argues that "[i]t is legally sound to provide for an appeal from an erroneous ruling during a preliminary hearing."

We respectfully disagree with the defendant's characterization of the general sessions court's ruling as denying him the right to a motion to suppress because the judges concluded that the motion constituted "a 'collateral attack' on the officer's authority that can only be pursued by the District Attorney." By our view, the general sessions court concluded, rightly or wrongly, that the defendant did not have standing to pursue the claim which was the basis for his motion to suppress. Thus, the court complied with Rule 5.1 and ruled on the defendant's motion to suppress, although doing so on a procedural basis. Regardless of how the defendant characterizes the ruling of the general sessions court and argues that it was wrong and unfair, the fact remains that the court neither ignored nor dismissed without explanation the motion to suppress. Based upon the record, we conclude that

the defendant was afforded his rights under Tennessee Rule of Criminal Procedure 5.1, and that, in denying his motion to suppress, the general sessions court did not violate his constitutional rights.

In conclusion, although the petitioner argues to the contrary, we conclude that there is a timely and adequate relief to the perceived wrong in this case. The State correctly notes that the general sessions court's ruling on the suppression issue is not dispositive, as the petitioner retains the right to file a pretrial motion to suppress the evidence in the trial court under Tennessee Rule of Criminal Procedure 12(b). Should the trial court deny his motion at that stage in the proceedings, he may then plead guilty while reserving the suppression issue as a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), or proceed to trial and raise the issue on direct appeal pursuant to Tennessee Rule of Appellate Procedure 3(b) should he be found guilty. We find without merit the petitioner's argument that a review of the suppression issue at the general sessions level would be more efficient than to wait for the results of the ongoing criminal matter, which may, in fact, obviate the need for any appellate review of the issue. We, therefore, decline to grant a writ of certiorari.

## CONCLUSION

Based on the foregoing, we conclude we are without jurisdiction to entertain this appeal. Accordingly, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE