# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### Submitted on Briefs January 7, 2003

## STATE OF TENNESSEE v. JERRY BAXTER GRAVES

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 69593      Richard R. Baumgartner, Judge**

### No. E2001-00123-SC-R11-CD - Filed May 27, 2003

We granted review to determine whether the trial court properly refused to dismiss the indictment and allow a second preliminary hearing where the first preliminary hearing was not recorded as required by Rule 5.1(a) of the Tennessee Rules of Criminal Procedure. The Court of Criminal Appeals concluded that the violation of Rule 5.1(a) did not prejudice the defendant and affirmed the convictions and sentences for felony murder and especially aggravated robbery. After reviewing the record and applicable authority, we hold that the failure to preserve an electronic recording or its equivalent of a preliminary hearing under Rule 5.1(a) requires the dismissal of the indictment and a remand for a new preliminary hearing unless the State establishes (1) that all material and substantial evidence that was introduced at the preliminary hearing was made available to the defendant and (2) that the testimony made available to the defendant was subject to cross-examination. Because this standard has been satisfied in the present case, we affirm the Court of Criminal Appeals' judgment.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

E. Riley Anderson, J., delivered the opinion of the court, in which Frank F. Drowota, III, C.J., and Adolpho A.Birch, Jr., and William M. Barker, JJ., joined. Janice M. Holder, J., filed a concurring opinion.

Jerry B. Graves, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Angele M. Gregory, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Scott G. Green, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## BACKGROUND

The sole issue raised in this appeal is the remedy for an admitted violation of Rule 5.1(a) of the Tennessee Rules of Criminal Procedure, which requires that the evidence of witnesses introduced at a preliminary hearing shall be preserved by electronic recording or its equivalent and made available to the

defendant.

The defendant, Jerry B. Graves, and Takeita M. Locke were separately indicted for felony murder and especially aggravated robbery for actions arising out of events that occurred on October 17, 1998, in Knox County, Tennessee. The trial court initially dismissed the indictment against Graves after finding that he had not been afforded a preliminary hearing. Following a preliminary hearing in Knox County General Sessions Court, Graves was again indicted for first degree felony murder and especially aggravated robbery on December 2, 1999. The defendant Graves then filed a pretrial motion asking that the new indictment be dismissed and that the case be remanded for a second preliminary hearing on the grounds that the initial hearing had not been preserved electronically in accordance with Rule 5.1(a) of the Tennessee Rules of Criminal Procedure.[1] The trial court overruled the motion and the case proceeded to trial.

In the meantime, in a separate earlier trial, Locke had been convicted of felony murder and especially aggravated robbery and sentenced to life imprisonment on the felony murder conviction and twenty years on the especially aggravated robbery conviction. State v. Locke, 90 S.W.3d 663 (Tenn. 2002). Witnesses Karen Verklas, Robert Richards, and Adam Faw all testified at Locke's trial.

The following evidence was introduced against Graves at his trial.

According to the testimony of Adam Faw, in the early morning hours of October 17, 1998, the defendant Graves, Takeita Locke, Christina Martin, and Faw drove around Knoxville in Faw's van while drinking alcohol and smoking marijuana laced with cocaine or crack. After a few hours, Graves directed Faw to go to an apartment in Montgomery Village so that he could rob someone. Upon arrival, Graves got out of the van carrying Faw's pistol and headed towards an apartment.

Robert Richards testified that he, Karen Verklas, and the victim, Chuck Newman, were hanging out in Verklas' apartment when Graves kicked in the door. After Graves knocked the apartment door open, he forced Newman into the kitchen, and backed him up against the stove. Richards said that he initially thought the defendant was only playing, but then he heard the defendant repeatedly saying "give me the money." Richards testified that when Newman refused, Graves wrestled Newman onto the living room couch and started beating him on the head while continuing to demand money. At the same time, Locke was also trying to pry the victim's hands open. Richards unsuccessfully tried to pull Graves off of Newman, after which he left the apartment to find help. Once outside, he found Verklas, who had fled the apartment to call 911. Richards testified that he saw Graves and Locke leave the apartment and overheard Graves tell Locke that the victim had at least $150.[2]

Faw testified that Graves and Locke came running out of the apartment building and got back into his van. Faw noticed that Graves had blood all over his arms and jacket. When Faw asked Graves if he had gotten anything, Graves responded that he had gotten $50.

The defendant Graves testified and conceded that he had beaten Newman with a pistol and stabbed him with a knife. He claimed that Newman took crack cocaine from him and refused to pay for it. Newman eventually died from the stab wound to his chest.

Based on the foregoing evidence, the jury convicted defendant Graves of felony murder and especially aggravated robbery, and he was later sentenced to life imprisonment and twenty-three years respectively.

Following his conviction, the defendant filed a motion for new trial again arguing that the failure to electronically record the preliminary hearing violated Rule 5.1(a). The trial court denied the motion after stating:

[A]pparently, [the preliminary hearing] was not preserved. I am not questioning that. So I think the question is pretty clear and pretty distinct here for the [appellate courts] to address – but what you did have in this case that you don't have in many other cases is the opportunity to review the testimony of these witnesses from several hearings. I mean, we had the prior trial in which [Locke] was tried – both Mr. Richards and Ms. Verklas testified in that case.

[The prosecutor] reminds me that you had this statement of Mr. Richards that was given to the police that was available to you and for impeachment purposes, the testimony at a previous hearing. So I think, if there was ever a case in which the harmless error analysis should apply, this is that case.

In addition to this verbatim statement, the trial court also noted that Richards, the State's primary witness, had testified prior to the defendant Graves' trial in Locke's juvenile transfer hearing.

Although the Court of Criminal Appeals affirmed the trial court's judgment in all respects, its decision with respect to the violation of Rule 5.1(a) was unclear. On the one hand, the court stated that the trial court did not err in refusing to remand for another preliminary hearing. On the other hand, however, the court relied on State v. Carter, 970 S.W.2d 509, 512 (Tenn. Crim. App. 1997), and State v. Butts, 640 S.W.2d 37, 38 (Tenn. Crim. App. 1982), and stated that the failure to produce a recording of the preliminary hearing was error, but harmless.

We granted the defendant's application for permission to appeal.

## ANALYSIS

The defendant argues that the trial court committed reversible error in denying the motion for a new trial because the sole remedy for a violation of Rule 5.1(a) of the Tennessee Rules of Criminal Procedure is a dismissal of the indictment and a remand to the General Sessions Court for a new preliminary hearing. The State concedes that Rule 5.1(a) was violated, yet maintains that the remedy does not include a right to have the indictment dismissed and a new preliminary hearing ordered. Instead, the State argues that the court must assess the potential prejudice to the defendant and then determine whether dismissal is warranted under the particular facts of the case.

We begin our analysis with Tennessee Rule of Criminal Procedure 5.1(a), which provides as follows:

> The evidence of the witnesses is not required to be reduced to writing by the magistrate, or under the magistrate's direction, and signed by the respective witnesses; but the proceedings shall be preserved by electronic recording or its equivalent and when the defendant is subsequently indicted such recording shall be made available for listening to by the defendant or defendant's counsel to the end that they may be apprised of the evidence introduced upon the preliminary examination.

As the language indicates, the purpose of Rule 5.1(a) is to notify and make available to a defendant or defense counsel the evidence introduced at the preliminary hearing by preserving an "electronic recording or its equivalent." The rule, however, states no sanction or remedy for a failure to prepare, preserve, or

make available such a recording.

Although this Court has never addressed this issue, we note that the Court of Criminal Appeals has held that the failure to comply with Rule 5.1(a) may be subject to a harmless error analysis when the defendant is not prejudiced by the lack of the recording. State v. Carter, 970 S.W.2d 509, 512 (Tenn. Crim. App. 1997); State v. McBee, 644 S.W.2d 425, 427 (Tenn. Crim. App. 1982); State v. Butts, 640 S.W.2d 37, 38 (Tenn. Crim. App. 1982). The Court of Criminal Appeals has also defined harmless error in this context to be when "[t]he evidence contained in the record is so compelling on the question of the defendant's guilt [that] a recording of the preliminary hearing would not have aided defense counsel in [the] cause." State v. Bohanan, 745 S.W.2d 892, 896 (Tenn. Crim. App. 1987). However, where the error is not harmless, the proper remedy is for the trial court "to dismiss the indictment and remand to the General Sessions Court for a second preliminary hearing." Carter, 970 S.W.2d at 512.

The parties have offered two different solutions for addressing a violation of Rule 5.1(a). The defendant's bright line approach would depart from the Court of Criminal Appeals' holdings and instead require a dismissal of the indictment and a remand for a new preliminary hearing in all cases where the recording required by Rule 5.1(a) has not been preserved. The State, on the other hand, would follow the Court of Criminal Appeals' holdings that a violation of Rule 5.1(a) may be harmless error where the defendant fails to establish prejudice.

Although Rule 5.1(a) provides no guidance as to the remedy to be applied for a violation of its terms, we believe that the appropriate procedural remedy must be tailored to the express language and purpose of the rule. Rule 5.1(a) is clearly a mandatory rule as illustrated by its requirements that "the proceedings shall be preserved by electronic recording or its equivalent" and that "such record shall be made available" to the defendant or defense counsel. Tenn. R. Crim. P. 5.1(a) (emphasis added); see also State v. Lowe, 811 S.W.2d 526, 527 (Tenn. 1991) ("It is academic that the use of the word 'shall' in a statute is indicative of a mandatory legislative intent."). Moreover, as noted above, the stated purpose of the rule is to "apprise[] the [defendant or defendant's counsel] of the evidence introduced upon the preliminary examination." Tenn. R. Crim. P. 5.1(a). The purpose of the rule is underscored by the importance of the preliminary hearing in general. In McKeldin v. State, 516 S.W.2d 82, 85-86 (Tenn. 1974), for example, we recognized that the Tennessee preliminary hearing is a "critical stage" of the criminal prosecution and that its importance to the defense as a discovery tool could not be ignored. Id. In addition, the preliminary hearing is generally the first opportunity the defense has to confront and cross-examine witnesses under oath. See id.

Accordingly, the language and purpose of the rule dictate that the critical issue must be whether the defense has been apprised of the evidence introduced at the preliminary hearing by receiving the same information as an "electronic recording or its equivalent."[3] The State's failure to preserve an electronic recording or its equivalent of a preliminary hearing under Rule 5.1(a) therefore requires the dismissal of the indictment and a remand for a new preliminary hearing, unless the State establishes (1) that all material and substantial evidence that was introduced at the preliminary hearing was made available to the defendant and (2) that the testimony made available to the defendant was subject to cross-examination. See State v. Bolden, 979 S.W.2d 587, 590 (Tenn. 1998).[4] In short, although automatic dismissal of the indictment is not required, the proper analysis should not simply focus on whether a violation of the rule was harmless error based on the degree of the evidence of guilt.

Applying this test, we conclude that the trial court properly found that a dismissal of the indictment and a remand for another preliminary hearing was not required because the defendant Graves had available all the substantive evidence that was introduced at his preliminary hearing, which was subject to cross-examination. Accordingly, the purpose and language of Rule 5.1(a) of the Tennessee Rules of Criminal Procedure was satisfied. Specifically, the defendant Graves had available before his

trial the transcript from defendant Locke's juvenile transfer hearing, as well as the transcript of Locke's trial, during which all of the State's key witnesses against him testified. The defendant therefore had a transcript of the testimony of all the individuals who would testify against him at his trial and the testimony was elicited in an adversarial setting that included cross-examination. Moreover, the defendant possessed and utilized in cross-examination at his trial a statement which Richards, the State's primary witness, made to police regarding the incident. Given the evidence made available to the defendant in this case, the trial court did not err in refusing to dismiss the indictment based on a violation of Rule 5.1(a) of the Tennessee Rules of Criminal Procedure. Accordingly, we affirm the Court of Criminal Appeals' judgment.

## CONCLUSION

After reviewing the record and applicable authority, we hold that the failure to preserve an electronic recording or its equivalent of a preliminary hearing under Rule 5.1(a) requires the dismissal of the indictment and a remand for a new preliminary hearing unless the State establishes (1) that all material and substantial evidence that was introduced at the preliminary hearing was made available to the defendant and (2) that the testimony made available to the defendant was subject to cross-examination. Because this standard has been satisfied in the present case, we affirm
the Court of Criminal Appeals' judgment. It appearing that the defendant-appellant, Jerry Baxter Graves, is indigent, costs of this appeal are taxed to the State of Tennessee.

_____
E. RILEY ANDERSON, JUSTICE