IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 12, 2006 Session

## STATE OF TENNESSEE v. THURMAN RANDOLPH

**Appeal from the Circuit Court for Madison County**
**No. 05-561   Donald H. Allen, Judge**

---

**No. W2006-00261-CCA-R9-CD  - Filed October 20, 2006**

---

The appellant, Thurman Randolph, was arrested in February of 2005 for rape.  After a preliminary hearing in the Madison County Municipal Court the charge was dismissed.  Subsequently, the State presented the matter to the Madison County Grand Jury, which returned an indictment on two counts of rape.  The appellant was later re-indicted by the Madison County Grand Jury on two counts of rape and two counts of statutory rape.  Upon learning that part of the audiotape of the preliminary hearing was not available due to a technical glitch in the recording, the appellant filed a motion seeking dismissal of the indictment and a remand of the matter to the Jackson Municipal Court for a new preliminary hearing pursuant to Tennessee Rule of Criminal Procedure 5.1(a).  The trial court denied the motion and the appellant sought an interlocutory appeal.  In this interlocutory appeal, the appellant asserts that the trial court improperly denied the motion to dismiss the indictment and remand the matter to the Jackson Municipal Court.  Because the trial court properly denied the motion to dismiss the indictment, we affirm the judgment of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Jeff Mueller, Jackson, Tennessee, for the appellant, Thurman Randolph

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General;Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 24, 2005, a warrant was issued for the appellant's arrest based on allegations that he raped a thirteen-year-old female.  On April 14, 2005, a preliminary hearing was held before

the Jackson Municipal Court. The matter was not bound over to the Grand Jury, and the charge was dismissed.

Subsequently, the State presented the matter to the Madison County Grand Jury. On August 1, 2005, the Madison County Grand Jury returned a true bill and indicted the appellant on two counts of rape. On October 3, 2005, the State again presented the matter to the Madison County Grand Jury. The Grand Jury returned a true bill and re-indicted the appellant on two counts of rape and two counts of statutory rape.

On December 13, 2005, the appellant filed a motion to remand the matter to the Jackson Municipal Court for a new preliminary hearing. According to the appellant, following the dismissal of the charges in municipal court and the subsequent indictment the appellant hired new defense counsel. In preparation for trial, new defense counsel procured a copy of the preliminary hearing tapes and discovered that only a portion of the tape of the preliminary hearing was audible. The appellant argued that because a complete recording of the preliminary hearing was unavailable, as required by Tennessee Rule of Criminal Procedure 5.1(a), the trial court had to dismiss the indictment and remand the case for a new preliminary hearing.

The trial court held a hearing on the motion on January 17, 2006. At that hearing, the trial court heard testimony from Daryl Hubbard, the Jackson City Court Clerk, who testified that it is the policy of the court to record all preliminary hearings on cassette tape. According to Mr. Hubbard, the appellant's April 2005 preliminary hearing was taped as per normal court policy. The hearing took up one full tape and two partial tapes. Each tape was capable of recording about ninety minutes. Mr. Hubbard stated that one of his clerks listened to the tapes after the preliminary hearing and informed him that the third tape was a "bad" tape in that it did not record the hearing. Mr. Hubbard was present at the appellant's preliminary hearing, and recalled that at that time the appellant was represented by different counsel. Mr. Hubbard recalled that the charges were dismissed at the conclusion of the preliminary hearing.

After hearing the testimony from Mr. Hubbard, the trial court initially granted the appellant's motion to remand the matter to the Jackson Municipal Court for another preliminary hearing and stated that it would probably dismiss the indictment. However, the trial court allowed the parties additional time to present argument as to whether the indictment should be dismissed.

The final hearing was continued to January 19, 2006. At that time, the trial court heard argument from counsel for the State and counsel for the appellant about whether the indictment should be dismissed and the matter remanded to the municipal court. Both counsel for the State and counsel for the appellant focused on the language contained in Tennessee Rule of Criminal Procedure 5.1. After hearing the arguments, the trial court reconsidered its earlier ruling and scheduled another hearing to give defense counsel additional time to determine if there was case law to support a dismissal of the indictment.

The hearing concluded on January 24, 2006. At that time, the trial court denied the motion to dismiss and remand, determining that because the initial charges were dismissed after the preliminary hearing, the subsequent indictments constituted a separate prosecution of the appellant thereby preventing any prejudice to the appellant due to the unavailability of the tapes of the preliminary hearing. Specifically, the trial court determined:

Now, when you look at Rule 5.1(a), the law is pretty clear. The Rule is pretty clear that when a case has been heard and probable cause has been determined then the Magistrate or in this case the City Court Judge acting as General Sessions jurisdiction bound the case over to the action of the grand jury after making his determination. Of course, the Rule requires that the proceedings, the preliminary examinations, be preserved by electronic recording or its equivalent and that such recording be made available for listening to by the defendant or defense counsel to the end that they may be apprised of the evidence introduced upon preliminary examination. Obviously, in this case, [trial counsel], is not able to be apprised of the evidence that was introduced at the preliminary examination. But, in this case according to what's been stated, and again I don't think there is any dispute about this, following the preliminary examination in this case, the Court did not find probable cause to bind the action over to the grand jury and so the case was dismissed at the point by [the City Judge]. So that was the end of the prosecution. That was the end of this case at that point.

Now, under (b) which is what the State has referred to upon discharge of the defendant, which is what happened in this case, the defendant was discharged at that point and for whatever reasons the State felt that it would be appropriate to submit this case to the grand jury as it has the right to do under (b), 5.1(b), . . . . Basically, that's what happened in this case. The State has initiated a subsequent prosecution by presenting this case straight to the grand jury . . . . Also, the Court finds, as case law will uphold, that the accused has no right to a preliminary hearing after the grand jury has returned a presentment or indictment against him. That's what happened here. An indictment has been handed down and the Court finds that [the appellant] does not have a constitutional right to another preliminary hearing in this matter. This is a subsequent prosecution totally unrelated to the initial prosecution that was dismissed at the City Court level.

The appellant then filed a motion for interlocutory appeal and stay of the proceedings. In this appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, the appellant argues that the trial court improperly denied the motion to remand the matter to the Jackson Municipal Court and dismiss the indictment.

Analysis

The appellant argues on appeal that Rule 5.1(a) of the Tennessee Rules of Criminal Procedure requires an electronic recording of each preliminary hearing to be maintained so that a defendant can properly be apprised of evidence from the preliminary examination upon subsequent indictment. Specifically, the appellant argues that despite the dismissal of the charges after the initial preliminary hearing, he is entitled to a dismissal of the indictment and a new preliminary hearing because the tapes of the initial preliminary hearing were inaudible and prejudice his counsel's ability to adequately prepare a defense to the indictment. The State argues that the trial court properly denied the motion to remand and dismiss the indictment because the indictment was the result of a new and totally unrelated prosecution rather than a result of being bound over to the grand jury after a preliminary hearing.

We must begin our analysis with an examination of Rule 5.1 of the Tennessee Rules of Criminal Procedure. The rule provides, in pertinent part, as follows:

> (a) Probable Cause Finding. If from the evidence it appears that an offense has been committed and that there is probable cause to believe that the defendant committed it, the magistrate shall forthwith bind the defendant over to the grand jury and either release the defendant pursuant to applicable law or commit the defendant to jail by a written order. . . . The evidence of the witnesses is not required to be reduced to writing by the magistrate, or under the magistrate's direction, and signed by the representative witnesses; but the proceedings shall be preserved by electronic recording or its equivalent and when the defendant is subsequently indicted such recording shall be made available for listening to by the defendant or defendant's counsel to the end that they may be apprised of the evidence introduced upon the preliminary examination.
>
> (b) Discharge of Defendant. If it does not appear from the evidence that an offense has been committed and that there is probable cause for believing the defendant committed it, the magistrate shall discharge the defendant. The discharge of the defendant shall not preclude the State from instituting a subsequent prosecution for the same offense.

Tenn. R. Crim. P. 5.1.[1] Thus, Rule 5.1, by its language, only requires a recording of the preliminary hearing to be made available to a defendant who is subsequently indicted as a result of a finding of probable cause by the hearing judge.

In addition to the language of Rule 5.1(a), the appellant relies on State v. Robert C. Copas, No. M1999-00841-CCA-R3-CD, 2000 WL 1336686 (Tenn. Crim. App., at Nashville, Sept. 15, 2000) and State v. Graves, 126 S.W.3d 873 (Tenn. 2003), in support of his claim that the trial court

---

[1] Rule 5.1 of the Tennessee Rules of Criminal Procedure was amended effective July 1, 2006, after the date of the appellant's preliminary hearing herein.

erred in not dismissing the indictment and remanding the matter for a second preliminary hearing.

In Robert C. Copas, the defendant was bound over to the grand jury after a finding of probable cause during a preliminary hearing. After the defendant's counsel learned that the tapes from the preliminary hearing were inaudible, the defendant moved to dismiss the indictment and remand for a preliminary hearing. Robert. C. Copas, 2000 WL 1336686, at *1. The trial court did not dismiss the indictment, but remanded for a new preliminary hearing. The State then moved to dismiss the indictment. The trial court agreed and dismissed the indictment. The State appealed. Without determining whether the unavailability of the recording of the proceeding could possibly prejudice a defendant and without speculating whether there could be prejudice resulting from a failure to follow the mandate of the rule, this Court determined that the trial court's dismissal of the indictment and remand for a new preliminary hearing was an appropriate remedy for a violation of Tennessee Rule of Criminal Procedure 5.1(a). Id. at *1.

In Graves, the defendant was indicted for felony murder and especially aggravated robbery following a preliminary hearing. 126 S.W.3d at 874. The defendant subsequently filed a motion seeking dismissal of the indictment and a second preliminary hearing after discovering that the preliminary hearing was not recorded in accordance with Tennessee Rule of Criminal Procedure 5.1(a). The trial court overruled the motion and the case proceeded to trial where the defendant was found guilty. In a motion for new trial, the defendant again sought relief based on the violation of Tennessee Rule of Criminal Procedure 5.1(a). In a separate earlier trial, a co-defendant was also convicted of felony murder and especially aggravated robbery. The trial court denied the motion, determining that the error was harmless where the defendant had access to the testimony from the co-defendant's trial and juvenile transfer hearing. This Court affirmed the trial court's judgment and the supreme court granted permission to appeal. The Tennessee Supreme Court pointed out that "the purpose of Rule 5.1(a) is to notify and make available to a defendant or defense counsel the evidence introduced at the preliminary hearing by preserving an 'electronic recording or its equivalent . . . .'" Id. at 876. The court also noted that the rule "states no sanction or remedy for a failure to prepare, preserve, or make available such a recording." Id.

> Accordingly, the language and purpose of the rule dictate that the critical issue must be whether the defense has been apprised of the evidence introduced at the preliminary hearing by receiving the same information as an "electronic recording or its equivalent." The State's failure to preserve an electronic recording or its equivalent of a preliminary hearing under Rule 5.1(a) therefore requires the dismissal of the indictment and a remand for a new preliminary hearing, unless the State establishes (1) that all material and substantial evidence that was introduced at the preliminary hearing was made available to the defendant and (2) that the testimony made available to the defendant was subject to cross-examination. See State v. Bolden, 979 S.W.2d 587, 590 (Tenn. 1998). In short, although automatic dismissal of the indictment is not required, the proper analysis should not simply focus on whether a violation of the rule was harmless error based on the degree of the evidence of guilt.

-5-

Id. at 877-78. The court ultimately held that the failure to preserve an electronic recording or its equivalent of a preliminary hearing under Rule 5.1(a) requires the dismissal of the indictment and a remand for a new preliminary hearing unless the State establishes, "(1) that all material and substantial evidence that was introduced at the preliminary hearing was made available to the defendant and (2) that the testimony made available to the defendant was subject to cross-examination." Id. at 878. Consequently, the court in Graves determined that the trial court properly denied the motion to dismiss the indictment and remand the matter for a second preliminary hearing because the defendant "had available all the substantive evidence that was introduced at his preliminary hearing, which was subject to cross-examination." Id.

The case herein is distinguishable from both Robert C. Copas and Graves. In both Robert C. Copas and Graves, an affirmative finding of probable cause required the defendants to be bound over to the grand jury where they were ultimately indicted. The evidence that the grand jury used to indict the defendants came from a finding of probable cause at a preliminary hearing. In that situation, Rule 5.1(a) clearly requires that a recording be made available to a defendant. That is not the case herein. The appellant, in the case sub judice, was not bound over to the grand jury. The charges were dismissed at the conclusion of the preliminary hearing, and the appellant was later indicted by a grand jury in a subsequent prosecution brought pursuant to Rule 5.19(b).

Consequently, we conclude that the situation herein is not a situation contemplated by Tennessee Rule of Criminal Procedure 5.1. The purpose of a preliminary hearing is to determine whether probable cause exists to believe that the accused committed the offense charged, and to fix the amount of bail for bailable offenses. Tenn. R. Crim. P. 5.1; State v. D'Anna, 506 S.W.2d 200, 203 (Tenn. Crim. App. 1973). A finding of probable cause requires the magistrate to bind the defendant over to the grand jury for the next stage in the prosecution. Tenn. R. Crim. P. 5.1(a). On the other hand, when probable cause is not found during the course of the preliminary hearing, the charges are dismissed, the accused is released and the criminal prosecution ends. Waugh v. State, 564 S.W.2d 654, 660 (Tenn. 1978). The subsequent issuance of an indictment by a grand jury marks the beginning of a new criminal proceeding and not the continuation of the prosecution from the preliminary hearing where the charges were dismissed. Id.

In the case herein, the dismissal of the charges at the conclusion of the preliminary hearing concluded the prosecution of the defendant. See id. The issuance of the indictment by the grand jury at a subsequent date marked the beginning of a new criminal proceeding against the appellant for which he was not even entitled to a preliminary hearing. Id.; see also Smith v. State, 757 S.W.2d 14, 17 (Tenn. 1988) (citing Vaughn v. State, 557 S.W.2d 64 (Tenn. 1977) ("When the State elects to initiate prosecution by submitting the case to the grand jury and the grand jury returns an indictment, the defendant is not entitled to a preliminary hearing.")). Tennessee Rule of Criminal Procedure 5.1 simply does not contemplate a defendant's entitlement to a recording of a preliminary hearing in a situation like the one that has arisen herein, where a defendant receives a preliminary hearing that results in a dismissal of the charges, but is later indicted by a grand jury. While it is certainly understandable and expected that defense counsel would seek to obtain a recording of the

preliminary hearing in preparation for trial, the fact is that even though the recording was made, it is inaudible. While frustrating, we find no remedy contemplated by the rule where the appellant was ultimately indicted as a result of the grand jury rather than a preliminary hearing[2]. The trial court properly denied the motion to remand the matter and dismiss the indictment. This issue is without merit.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[2]Only an amendment to Rule 5.1(a) can alter the result in cases such as this one.