IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2008

**STATE OF TENNESSEE v. DAVID W. FRAZIER**

**Direct Appeal from the Circuit Court for Weakley County**
**Nos. CR148-2007, CR16-2008     William B. Acree, Jr., Judge**

**No. W2008-01512-CCA-R3-CD  - Filed March 23, 2009**

Following a jury trial, the defendant, David W. Frazier, was convicted by a Weakley County jury of one count of driving under the influence, second offense, ("DUI 2nd"), a Class A misdemeanor, and sentenced to a term of eleven months and twenty-nine days, sixty days of which was to be served in the county jail.  The defendant was initially indicted by a Weakley County jury for DUI 2nd and violation of the implied consent law.  He subsequently filed a motion to dismiss the indictment, as the preliminary hearing tape was inaudible.  The State agreed, and the court dismissed the indictment.  Subsequently, a second preliminary hearing was held, and the defendant was reindicted by a grand jury.  The defendant then filed a motion to dismiss the second indictment upon grounds that he had previously been charged and indicted for the same offenses.  The court denied the motion.  On appeal, he raises the single issue of whether the trial court erred in failing to dismiss the second indictment because the State failed to timely reindict the defendant and because the second indictment violates double jeopardy principles.  After review of the record, we find no merit to the defendant's contentions and affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. McLIN and CAMILLE R. McMULLEN, JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, David W. Frazier.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## Procedural History

Following the defendant's arrest for DUI 2nd offense and violation of the implied consent law, he was bound over to the Weakley County grand jury after a preliminary hearing was held in the general sessions court. The grand jury subsequently returned indictments charging the defendant with both DUI 2nd and violation of the implied consent law. After discovering that the audiotape of the preliminary hearing was not audible due to a technical malfunction, the defendant filed a motion to dismiss the indictment. The State agreed, and, upon motion of the State, the trial court dismissed the indictment because of the State's inability to provide the defendant a copy of the audiotape of the hearing. We note that the offenses were alleged to have occurred on July 3, 2007. However, nothing in the record indicates any subsequent dates as to when the above described actions were taken. At a later hearing, the defendant's counsel made the statement that thirty days passed following the dismissal of the indictment with no appeal made by the State. At some point, the State issued new arrest warrants, conducted a second preliminary hearing, and, in January 2008, the defendant was again indicted for DUI 2nd and violation of the implied consent law.

The defendant filed a motion to dismiss the second indictment "on the basis that he had previously been charged by warrants and indictment for the same offense[s]" in violation of double jeopardy. The motion was denied by the trial court, which stated that it "was the intent of the Court that [the first indictment] would not be dismissed with prejudice, and that the only reason it was dismissed was to allow [the defendant] to have a preliminary hearing."

Following a jury trial, the defendant was convicted of DUI 2nd as charged, but the violation of the implied consent law charge was dismissed. The defendant was sentenced to a term of eleven months and twenty-nine days, all suspended but sixty days. He subsequently filed a motion for new trial, which the trial court denied by written order. This timely appeal follows.

## Analysis

On appeal, the defendant asserts that the trial court erred by failing to dismiss the second indictment. The defendant asserts two arguments which, from our reading, appear to be in conflict with each other. First, he argues the State "should have reindicted him before the lapse of thirty (30) days after dismissal of the initial indictment by the" trial court. While acknowledging that "the State had the right to appeal or reindict from the judge's decision to simply 'dismiss' without stating whether it was without prejudice or with prejudice," relying upon Tennessee Rule of Appellate Procedure 3(c), he contends that the State "did not do so within the prescribed [thirty day] period." Second, in contradiction to his argument that the State could have reindicted the defendant but just failed to timely do so, the defendant argues that the second indictment actually violates the double jeopardy clause. He asserts that once the case was initially dismissed, the second indictment placed him in jeopardy for the same offenses. We reject both of the defendant's contentions.

Rule 5.1(a) of the Tennessee Rules of Criminal Procedure[1] provides, in relevant part, that preliminary hearings are to "be preserved by electronic recording or its equivalent" and, further, that "when the defendant is subsequently indicted such recording shall be made available for listening to by the defendant or defendant's counsel." It was a violation of this rule that led to the defendant's motion to dismiss the initial indictment, as the State was unable to provide an audible audiotape of the preliminary hearing. Multiple cases have addressed the appropriate remedy for such situations. This court has held that "[t]he proper remedy when an electronic recording of a preliminary hearing is lost or unavailable would be to request the trial court to dismiss the indictment and remand to the General Sessions Court for a second preliminary hearing." *State v. Carter*, 970 S.W.2d 509, 512 (Tenn. Crim. App. 1997); *see also State v. Graves*, 126 S.W.3d 873, 878 (Tenn. 2003); *State v. Robert C. Copas*, No. M1999-00841-CCA-R3-CD (Tenn. Crim. App., at Nashville, Sept. 15, 2000). There is no dispute that the trial court in this case followed the appropriate procedure.

Rather, the defendant's argument is that the State should have either appealed the dismissal or reindicted the defendant within thirty days. He relies upon Tennessee Rule of Appellate Procedure 3(a) as his authority, which gives the State thirty days to appeal from an adverse ruling. However, a rule prescribing a time limit for an appeal has no application in this situation. As noted above, the proper procedure was not for the State to appeal but, rather, to hold a second preliminary hearing and to reindict the defendant. Contrary to the defendant's argument, we can find no authority that the thirty-day time limit is applicable to the time the State has in which to recommence the proceedings. Thus, the defendant's argument is without merit. As an aside, we would note that, even if the argument had been meritorious, the defendant has failed to establish that thirty days did, in fact, pass as the record before us contains no dated documentation prior to the second indictment, and it is the defendant's burden to provide an adequate record. *See* Tenn. R. App. P. 24(b).

The defendant also contends that the subsequent reindictment for the same offenses violates the principles of double jeopardy. The defendant's argument must fail as it has long been accepted that, in jury trials, jeopardy does not attach until the jury is empaneled and sworn. *State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997). "A defendant must be put in jeopardy at least once, 'for only if that point has once been reached does any subsequent prosecution of the defendant bring the guarantee against double jeopardy even potentially into play.'" *Id*. (quoting *Crist v. Bretz*, 437 U.S. 28, 32-33, 98 S. Ct. 2156, 2159 (1978)). Nothing in the record indicates that the defendant's initial case ever proceeded to the point of having a jury sworn prior to the dismissal of the

---

[1] Though not applicable to this 2007 case, we note that the rule was amended in 2008 to address the instant issue. The rule now provides, in relevant part:

> Where the recording is no longer available or is substantially inaudible, the trial court shall order a new preliminary hearing upon motion of the defendant filed not more than 60 days following arraignment. The indictment shall not be dismissed while the new preliminary hearing is pending. If the magistrate conducting the new preliminary hearing determines that probable cause does not exist, the magistrate shall certify such finding to the trial court and the trial court shall then dismiss the indictment. The discharge of the defendant by the dismissal of the indictment in such circumstances does not preclude the state from instituting a subsequent prosecution for the same offense.

indictment. Thus, jeopardy did not attach in the initial prosecution, so no double jeopardy concerns are implicated.

## CONCLUSION

Based upon the foregoing, the judgment of the Weakley County Circuit Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE