# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### February 4, 2014 Session

## STATE OF TENNESSEE v. TERENCE DEWAYNE BORUM, aka "MEASLE"

**Appeal from the Circuit Court for Tipton County**
No. 7440    Joseph H. Walker, III, Judge

---

**No. W2013-01035-CCA-R3-CD  - Filed May 15, 2014**

---

The defendant, Terence Dewayne Borum, pleaded guilty to burglary, theft over $1,000, and vandalism over $500 with the sentence to be determined by the trial court. Following a sentencing hearing, the trial court found the defendant to be a persistent offender and imposed an effective ten-year sentence to be served on probation. The State appeals contending that the trial court erred in finding the defendant to be a persistent, rather than a career, offender. Based upon our review of the record and the applicable law, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Robert E. Cooper, Jr., Attorney General & Reporter; J. Ross Dyer, Senior Counsel; D. Michael Dunavant, District Attorney General; and Billy Burk, Assistant District Attorney General, for the appellant, State of Tennessee.

Charles A. Brasfield, Covington, Tennessee, for the appellee, Terence Dewayne Borum.

## OPINION

### FACTS

The defendant originally was charged with burglary, vandalism over $500, and theft

over $10,000. Following his indictment, the State filed a notice of its intent to seek to have the defendant sentenced as a career offender. On March 18, 2013, the defendant pleaded guilty to burglary, a Class D felony; vandalism over $500, a Class E felony; and theft over $1000, a Class D felony. See Tenn. Code Ann. §§ 39-14-105(a)(3), -402, -408(c). The parties agreed that the trial court would determine the sentence.

During the sentencing hearing, the defendant conceded that he had six prior felony convictions. He argued, however, that he still met the definition of a persistent offender. He further argued that even if he were sentenced as a career offender, he would still be eligible to serve his sentence on community corrections.

The defendant then presented the testimony of Bertha Borum, his mother. Mrs. Borum testified that she lived in Memphis and was willing to allow the defendant to live with her if the defendant served his sentence on community corrections or "house arrest." She said the defendant would be helpful in caring for his father, who was bedridden.

Mrs. Borum testified that she believed that the defendant was a "better citizen" after being incarcerated and undergoing drug treatment. She said the defendant began using drugs at a young age, and she believed the defendant's drug use led him to commit crimes. Mrs. Borum further believed that since the defendant had undergone drug treatment, he would follow any rules imposed as a condition of his release. On cross-examination, Mrs. Borum acknowledged that the defendant was living with her when he was convicted of aggravated robbery in 1994; delivering a counterfeit controlled substance in 1995; evading arrest, theft over $1000, burglary, and vandalism over $10,000 in 2002; and burglary and theft in 2004.

Carrie Brown, the defendant's aunt, testified that if the defendant were allowed to serve his sentence on "house arrest," he would work at a mechanic shop where she was employed as a secretary. Ms. Brown said that the defendant would be repairing brakes and tires and that he had been repairing cars for most of his life. She also said the defendant would be working thirty to forty hours per week. The defendant's father originally opened the mechanic shop but stopped working approximately two years before the sentencing hearing after suffering a stroke.

The thirty-seven-year-old defendant testified that he did not use any weapons when committing the offenses for which he pleaded guilty. He said the only violent offenses for which he had been convicted previously were aggravated robbery and assault. The aggravated robbery occurred approximately twenty years ago when the defendant drove a friend to an office to have his income tax return prepared. The defendant said his friend ran into the office, took a man's keys off his desk, and jumped into the man's car. The defendant maintained that no weapons were used during the commission of the offense. The

-2-

misdemeanor assault conviction was the result of a confrontation between the defendant and another man at a store. The defendant stated that the man grabbed him and that he pushed the man back. The defendant denied using any weapons or injuring the man during the commission of the offense.

The defendant testified that his last felony conviction involved cocaine and that he was sentenced to four years at thirty percent. He served seven months of his sentence at the penal farm and was released on probation. Upon his release, Tipton County officers took him into custody for the current offenses. The defendant stated that he has been incarcerated for twenty-six months.

The defendant said that while incarcerated, he underwent seven months of drug treatment and obtained his GED. He further said he realized that he needed to be there for his family and to care for his father. The defendant stated that he was tired of using drugs and "going back and forth to jail." While incarcerated, the defendant completed two Bible classes, took a substance abuse and relapse prevention course, a "[s]urvival" course, and a job readiness course.

The defendant testified that his prior felonies were the result of "20 years of drugging." He believed that he would not commit additional crimes if he remained drug-free. He said that if he were released on "house arrest," he would remain drug-free. The defendant stated that he also wanted to care for his father and that he would comply with all conditions of his release.

On cross-examination, the defendant acknowledged that he began committing crimes at the age of eighteen. He further acknowledged that since the age of eighteen, there were only two years during which he did not commit any crimes. With regard to the offenses for which the defendant pleaded guilty, he testified that he drove his two co-defendants to the store but denied knowing they were "going to rob a store."

At the conclusion of the sentencing hearing, the trial court noted that according to the defendant's presentence report, he was released from jail on parole in 1995; his parole was revoked; and he served the remainder of the sentence in jail. In 2002, the defendant was released on probation for another conviction, and his probation subsequently was revoked. In 2004, the defendant was released from jail on parole, and his parole then was revoked.

The trial court granted the defendant "an opportunity to do what [the defendant] said here under oath [he] will do; and that is, make a change in [his] life." The trial court sentenced the defendant as a persistent offender to ten years each for the burglary and theft over $1000 convictions and to six years for the vandalism over $500 conviction. The court

ordered that the sentences run concurrently for an effective ten-year sentence. The court then placed the defendant on supervised probation. The State appealed.

## ANALYSIS

The State contends that the trial court erred in sentencing the defendant as a persistent offender and not a career offender. Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707. In State v. Caudle, our supreme court clarified that the "abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." 388 S.W.3d 273, 278-79 (Tenn. 2012).

Felony classifications are divided into ranges so that the maximum and minimum sentences may be determined. Tenn. Code Ann. § 40-35-101, Sentencing Comm'n Comments. The ranges are based upon the number of prior convictions that the defendant has incurred and begin with the lowest Range I and proceed through Range II, multiple offender; Range III, persistent offender; and career offender. See id. §§ 40-35-105 to -108. "The range classification system reflects the Sentencing Commission's view that 'longer sentences should be imposed on those who have previously violated the law.'" State v. Gregory L. Sain, No. M2006-00865-CCA-R3-CD, 2008 WL 624924, at *10 (Tenn. Crim. App. Mar. 6, 2008) (quoting Tenn. Code Ann. § 40-35-106, Sentencing Comm'n Comments), perm. app. denied (Tenn. July 7, 2008). A defendant who meets the statutory definition of a particular offender classification "shall receive" a sentence within that range, or if the defendant meets the statutory definition of a career offender, the defendant "shall receive" the maximum sentence within Range III. Tenn. Code Ann. §§ 40-35-106(c), -107(c), -108(c). "It is academic that the use of the word 'shall' is indicative of a mandatory legislative intent." State v. Graves, 126 S.W.3d 873, 877 (Tenn. 2003).

The defendant conceded during the sentencing hearing that he had six prior felony convictions. The State asserts that as a result, the defendant is a career offender pursuant to Tennessee Code Annotated section 40-35-108(a)(3). This section provides that a career offender is a defendant who has received "[a]t least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony." The defendant responds that he also qualifies as a persistent offender pursuant to section 40-35-107(a)(1) and that the trial court properly classified him as a persistent offender. Section 40-35-107(a)(1) provides that a persistent offender is a defendant who has received "[a]ny combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes, where applicable."

This court rejected the defendant's argument in State v. Robert Nix, No. 136, 1991 WL 170688 (Tenn. Crim. App. Sept. 6, 1991), perm. app. denied (Tenn. Dec. 30, 1991). The defendant in Robert Nix asserted that the trial court erred in sentencing him as a career offender. He acknowledged that he had the requisite number of prior convictions to be classified as a career offender but contended that the 1989 Sentencing Act granted the trial court the discretion to sentence him as a persistent offender. In rejecting the defendant's argument, this court concluded:

> Under the 1989 Act, the trial court is obligated to determine the appropriate range of a sentence. T.C.A. § 40-35-210(a). Other than the number of prior felony convictions, the provisions of the career offender statute are the same as that for the persistent offender statute and for the multiple offender statute. T.C.A. § 40-35-106. The Sentencing Commission

Comments to the multiple offender statute note that if the defendant has the requisite number of prior convictions, "then the defendant *must* be sentenced as a multiple offender." (emphasis supplied). Obviously, the 1989 Act neither contemplates nor empowers a trial court refraining from applying an offender range status once the trial court has determined beyond a reasonable doubt that the appropriate prior convictions exist to qualify the defendant for that range. Conversely, once the trial court finds beyond a reasonable doubt that the appropriate prior, qualifying convictions exist, the law designates the defendant a career offender and, pursuant to T.C.A. § 40-35-108(c), upon such finding, the defendant "shall receive the maximum sentence within the applicable Range III."

Id. at *3.

Moreover, in determining whether the persistent offender provision in section 40-35-107(a)(1) conflicts with the career offender provision in section 40-35-108(a)(3), and in resolving any existing conflict, we are guided by the following rules of statutory construction. We must avoid a construction that places one statute in conflict with another and must resolve any possible conflict between statutes in favor of each other in order to provide a harmonious operation of laws. Graham v. Caples, 325 S.W.3d 578, 582 (Tenn. 2010). "Where a conflict is presented between two statutes, a more specific statutory provision takes precedence over a more general provision." Id.

Section 40-35-107(a)(1) is a general provision that defines a persistent offender as a defendant who has received "five (5) or more" prior felony convictions and does not limit the defendant's current conviction to a specific felony class. However, section 40-35-108(a)(3), the career offender provision, specifically relates to a defendant convicted of a Class D or E felony. The defendant in the present case pleaded guilty to two Class D felonies and one Class E felony and conceded to having six prior felony convictions. Accordingly, the more specific provision in section 40-35-108(a)(3) controls, and the trial court erred in sentencing the defendant as a persistent, rather than a career, offender.

Because the defendant is a career offender, he must receive the maximum sentence within Range III. See Tenn. Code Ann. § 40-35-108(c). Accordingly, the defendant's sentence must be twelve years for each of his Class D felony convictions of burglary and theft over $1000 and six years for his Class E felony conviction of vandalism over $500. See id. § 40-35-112(c). The trial court imposed concurrent sentences, and the State did not appeal this ruling.

The defendant is not eligible for probation with regard to this effective twelve-year sentence.  See id. § 40-35-303(a) (providing that a defendant "shall be eligible for probation . . . if the sentence actually imposed upon the defendant is ten (10) years or less").  The defendant also is not considered to be a favorable candidate for alternative sentencing.  See id. § 40-35-102(6).  Nevertheless, the defendant argued at the sentencing hearing that even if he was a career offender, he should serve his sentence on community corrections.  The trial court did not make any findings regarding this issue.  Therefore, we remand the case to the trial court to determine whether the defendant should serve his sentence in confinement or on community corrections.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE