IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 19, 2017 Session

## STATE OF TENNESSEE v. LEE ALAN SPRAGUE

**Appeal from the Criminal Court for Roane County**
**No. 2012-CR-170     Michael Pemberton, Judge**

### No. E2017-00721-CCA-R3-CD

The defendant, Lee Alan Sprague, appeals his Roane County Criminal Court jury convictions of reckless driving and driving on a suspended license, claiming that the trial court erred by denying his motion for a new preliminary hearing. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stephen G. McGrath, Knoxville, Tennessee (on appeal), and William Wooten, Assistant District Public Defender (at trial), for the appellant, Lee Alan Sprague.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Russell Johnson, District Attorney General; and Terry Stevens and Joe Caldwell, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

On July 14, 2011, the defendant was arrested on a number of traffic-related offenses, including driving under the influence ("DUI") and reckless driving. On December 12, 2011, the Roane County General Sessions Court held a preliminary hearing, at the conclusion of which the defendant's case was bound over to the grand jury. In June 2012, the Roane County Grand Jury charged the defendant with one count each of reckless driving, driving on a canceled, suspended, or revoked license, and driving under the influence ("DUI").[1] The defendant was arraigned on June 25, 2012.

---

[1]     The grand jury also charged the defendant with a violation of the implied consent law. This charge was dismissed prior to trial, however, because the defendant had already been found guilty of the violation at the general sessions court hearing on December 12, 2011.

Over three years later, on October 5, 2015, the defendant sought a new preliminary hearing pursuant to Tennessee Rule of Criminal Procedure 5.1(a)(3).[2] On the following day, just prior to the commencement of the defendant's jury trial, the trial court held a hearing on the motion, at which the defendant claimed that he had requested audio recordings of the preliminary hearing a "couple of months ago" but that he had discovered one week prior that the cassette tape he had received did not contain the recording of the hearing. The defendant contended that the trial court "could" order a new preliminary hearing under Rule 5.1(a)(3) even if the request was made more than 60 days after the defendant's arraignment. The trial court denied the motion, finding that the defendant had been arraigned shortly after his June 2012 indictment and that the defendant was outside the 60-day window provided in Rule 5.1.

The trial court conducted a jury trial on October 6, 2015. The State's proof at trial established that, at approximately 3:00 a.m. on July 14, 2011, Tennessee Highway Patrol Trooper Matthew Vespie was stationed on an entrance ramp to Interstate 40 running "stationary radar" when a yellow pickup truck drove through the radar screen at 92 miles per hour in a 70-mile-per-hour zone. Trooper Vespie eventually caught up with the pickup truck and stopped the driver, whom he identified in court as the defendant.

When Trooper Vespie asked the defendant to step out of his vehicle, he noticed that the defendant was unsteady on his feet and had an odor of an alcoholic beverage emanating from his person. Trooper Vespie administered field sobriety tests to the defendant and, based on the defendant's poor performance on the tests, Trooper Vespie placed the defendant under arrest for DUI. After arresting the defendant, Trooper Vespie checked the defendant's driving history and learned that the defendant's driver's license had been suspended three months prior. Through Trooper Vespie's testimony, the State introduced into evidence a video recording of the traffic stop and the field sobriety tests.

With this evidence, the State rested. Following a *Momon* colloquy and the trial court's denial of the defendant's motion for judgments of acquittal, the defendant elected not to testify and presented no proof. Based on this evidence, the jury found the defendant not guilty of DUI but convicted the defendant as charged of driving on a suspended license and reckless driving. The trial court sentenced the defendant to a term of six months unsupervised probation for the conviction of driving on a suspended

---

[2] The motion is stamped "filed" on September 5, 2015. However, the defendant's certificate of service on the motion is dated October 5, 2015, and his argument to the court during the hearing on the motion indicates an October filing date. Thus, the September date entered by the clerk's office appears to be in error.

license, to be served concurrently to his six-month sentence for reckless driving, all but 10 days of which were suspended to unsupervised probation.

Following the denial of his timely motion for new trial, the defendant filed a timely notice of appeal. In this appeal, the defendant contends that the trial court erred by denying his motion for a new preliminary hearing and by failing to grant an extension of time to file such a motion due to excusable neglect. We will address each issue in turn.

## I. Denial of Motion for New Preliminary Hearing

The defendant first contends that the trial court erred by denying his motion for a new preliminary hearing. Specifically, the defendant argues that the provision contained in Rule 5.1 regarding motions for new preliminary hearings filed more than 60 days after arraignment is ambiguous and invests the trial court with the discretion to grant such a late-filed motion. The State responds that Rule 5.1 is clear and unambiguous and that the trial court properly denied the defendant's motion. We agree with the State.

When addressing issues of statutory construction – and, by extension, the Tennessee Rules of Criminal Procedure – our review is de novo, with no presumption of correctness afforded to the ruling of the trial court. *See State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008) (citing *State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007); *Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003)). The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)).

Tennessee Rule of Criminal Procedure 5.1 addresses, among other things, the defendant's access to a preliminary hearing recording. The rule provides, in pertinent part, as follows:

> The evidence of the witnesses does not have to be reduced to
> writing by the magistrate, or under the magistrate's direction,

and signed by the respective witnesses; but the proceedings shall be preserved by electronic recording or its equivalent.  If the defendant is subsequently indicted, such recording shall be made available to the defendant or defense counsel so they may listen to the recording in order to be apprised of the evidence introduced in the preliminary hearing.  Where the recording is no longer available or is substantially inaudible, the trial court shall order a new preliminary hearing upon motion of the defendant, *filed not more than 60 days following arraignment*.

Tenn. R. Crim. P. 5.1(a)(3) (emphasis added).

In our view, the mandate of Rule 5.1 is clear and unambiguous: a defendant seeking a new preliminary hearing on the basis that the audio recording of the hearing is unavailable or inaudible must file such a motion no more than 60 days after arraignment.  Here, the defendant filed such a motion more than three years after his arraignment.  Thus, the trial court's denial of the defendant's motion was proper.  Although the defendant argues that the rule's silence with respect to the filing of a motion for a new hearing beyond the 60-day time limit is evidence of the rule's ambiguity, "'the expression of one thing implies the exclusion of all things not mentioned.'"  *State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008) (quoting *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002); *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001)).  Moreover, this court, when faced with a similar argument, found the defendant's motion for a new preliminary hearing to be untimely where, as here, the defendant "did not file a motion until more than three years after his arraignment."  *State v. Prentis Lee*, No. W2015-01538-CCA-R3-CD, slip op. at 24 (Tenn. Crim. App., Jackson, Nov. 23, 2016), *perm. app. denied* (Tenn. Apr. 13, 2017).

The defendant also relies on *State v. Graves*, 126 S.W.3d 873 (Tenn. 2003), for the premise that the State's failure to preserve the recording of a preliminary hearing necessitates a new hearing unless the State can meet certain requirements, as well as *State v. Malvin Louis Rushton*, No. 1260 (Tenn. Crim. App., Knoxville, May 11, 1990), in which this court affirmed the lower court's grant of a new preliminary hearing under Rule 5.1 when defense counsel had not been present at the preliminary hearing and was thus unaware of the evidence presented therein.  The defendant's reliance on these cases is inapt, however, because both were decided prior to the 2008 amendment of Rule 5.1 and the inclusion of the 60-day time limit.

Because the defendant did not seek a new preliminary hearing until three years after his arraignment, we find no error in the trial court's denial of the defendant's

motion. We need not address whether the trial court had the authority to grant a new preliminary hearing pursuant to an untimely request therefor; the issue before us is whether the denial of an untimely request is error. We hold that it is not.

## *II. Extension of Time for Filing*

The defendant also contends that, even if the trial court properly interpreted Rule 5.1 in its denial of the defendant's motion as untimely, the lower court should have considered Tennessee Rule of Criminal Procedure 45(b), which provides an avenue for the court to extend the time for filing based on "excusable neglect." The rule provides, in pertinent part, as follows:

> (b) EXTENDING TIME. – When an act shall or may be done at or within a specified time, the court for cause shown *may* at any time extend the period, as follows:
>
> . . . .
>
> (2) AFTER END OF SPECIFIED TIME. – On motion made after the expiration of the specified period, the court *may* extend the period if the failure to act was the result of excusable neglect.

Tenn. R. Crim. P. 45(b)(2) (emphasis added).

A review of the transcript of the defendant's motion for a new preliminary hearing reveals that his entire one-page argument was predicated on Rule 5.1. The defendant did not raise the issue of the trial court's failure to extend the time period pursuant to Rule 45 until his amended motion for new trial. "It is elementary that a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason" on appeal. *State v. Dobbins*, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988); *see also State v. Adkisson*, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994) ("A party cannot assert a new or different theory to support the objection in the motion for new trial or in the appellate court."). Thus, the defendant has waived our consideration of this issue. *Adkisson*, 899 S.W.2d at 635.

In any event, the facts presented by the defendant at the hearing on the motion for a new preliminary hearing do not establish excusable neglect. Furthermore, even if the defendant had been able to clear the hurdles of waiver and lack of proof in his attempt to convince this court that Rule 45 should have been employed to extend the

relevant time period, the use of the word "may" in Rule 45 makes it clear that the granting of a time extension by the trial court was discretionary and not mandatory.

*Conclusion*

Based upon the foregoing analysis, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE